EMMA L. BROWN V. CHARLES M. BROWN.

No. 14,159.    (81 Pac. 199.)

Error from Wyandotte district court; J. McCABE MOORE, judge.    Opinion filed June 10, 1905.    Affirmed.

*J. A. Smith,* for plaintiff in error.
*L. C. True,* for defendant in error.

*Per Curiam:*    In 1899 the district court of Wyandotte county granted the plaintiff in error a divorce from the defendant in error, and awarded her the custody of the five minor daughters. In July, 1904, the defendant filed his application in that court for an order changing the custody of the minor children from the plaintiff to himself.    Among other things in the application the defendant alleges that the plaintiff is an unfit and unsuitable person to have the care and custody of the children, on account of the immoral company with which she surrounds them, and "that when the defendant attempts to exercise proper control of and over Carrie she leaves his home, and is given refuge by her mother in a place of evil, where she, the mother, is living in adultery with her paramour, S. F. Bendure, whom she has taught her little daughter Eva to call 'papa.' "

The plaintiff also filed a supplemental petition asking for additional alimony.

The court heard the application and the petition together, and after hearing a large amount of testimony it made special findings of fact and conclusions of law, at the request of the plaintiff, which are as follow:

### "FINDINGS OF FACT.

"(1)    That on the 14th day of July, 1899, at the time of the granting of a decree of divorce in this case, the property of the parties and the custody of the minor children were provided for in the decree in accordance with an agreement between the parties, and by such agreement, and the decree of the court made pursuant thereto, the minor children were committed to the custody of the plaintiff.

"(2)    That shortly afterward the plaintiff voluntarily turned the custody of all of said minor children, except Eva, then a baby, over to the defendant, who has ever since maintained and provided for them.

"(3)    That the defendant is a man of good repute and good morals, and a suitable person to have the care and custody of said children, and is able to provide for and educate them as a father should.

"(4)    That the plaintiff is an immoral woman, of bad repute, and an unsuitable person to have the care and custody of said female children; and the court declines to make any finding as to whether or not the plaintiff is or has been guilty of adultery or bigamy.

"(5)    That the best interests of said minor children in controversy require that they should be removed from the influences which surround their mother, and committed to the care and custody of their father, who is a more suitable person to give them moral training and education."

### "CONCLUSIONS OF LAW.

"(1)    That the defendant's motion ought to be, and hereby is, sustained.

"(2)    That plaintiff's motion ought to be, and hereby is, denied."

The court rendered judgment awarding the custody of the children to the defendant, and denying the plaintiff's petition. A motion for a new trial was denied, and the plaintiff brings the case here.

The principal error complained of is that the court admitted evidence of the general reputation of the plaintiff, as tending to show that her reputation for chastity was bad, and that the plaintiff and one Bendure were living together as husband and wife, being unmarried.

In proceedings of this kind the rights of either parent to the custody and control of the children have small consideration at the hands of the courts, the welfare of the children being the

prime and almost the only consideration. When necessary to promote the welfare of the children a court of equity will take their custody from either or both parents and award it to another. Whatever may be the rule as to the admissibility of evidence of general reputation to establish adultery in a divorce proceeding, there is no doubt of the admissibility of such evidence to prove that the home to which one parent proposes to take growing girls is an improper place to take them, or that the mother with a bad reputation in this respect is only less injurious in degree to the girls than if the home or the mother were in fact morally bad. In fact, we have statutes in this state for the suppression of houses of ill-fame.

The order of the court in this case was made in the exercise of a sound judicial discretion, and seems to be justified by some of the evidence, and it is not for this court to balance that evidence with the conflicting evidence.

On the application of the plaintiff, after the filing of the petition in error in this case, this court made an order suspending the order of the district court and giving to the plaintiff the custody of the little girl, Eva, during the pendency of this proceeding. That order is hereby revoked, and the order and judgment of the district court are affirmed.