## PEARL I. COLLINS V. F. B. COLLINS.

No. 15,082.   (90 Pac. 809.)

### SYLLABUS BY THE COURT.

DIVORCE—*Custody of Children.* In a divorce proceeding, when necessary to promote the welfare of children, the court may take them away from both parents and award their custody to one who is a stranger to the suit and who resides beyond the judicial district.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 8, 1907. Affirmed.

*Adams & Adams,* for plaintiff in error.

*Hugh Alexander,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: In a divorce proceeding, where both parties are found to be in the wrong and neither is entitled to a divorce, has the court power to award the custody of a minor child to some suitable person who resides outside of the judicial district where the suit is brought and who is a stranger to the suit?

The evidence in this case furnishes ample support

for the finding of the court that neither party is entitled to a divorce, and that the plaintiff, who is the mother of the child, is not a fit and proper person to have its care and custody. The court awarded the custody of the child to Mrs. Margaret A. Collins, who is the mother of the defendant and resides on a farm near Belleville, in Republic county. Since the separation of the husband and wife the child has been with its mother, who has been living with her parents in the city of Wichita. Plaintiff has no other home, and the court concluded from the evidence that the surroundings and influences were not suitable for the bringing up of the child, who is a little girl of seven years. Defendant, since the separation, has been making his home with his mother. The court found, and the evidence supports the finding, that the grandmother is willing and able to provide a suitable home for the little girl, where she will receive proper care and training. The decree provides that the mother may visit the child as often as twice in each month, but as she would be obliged to travel nearly 200 miles to reach Republic county it is urged that the decree deprives her of a reasonable opportunity to see and visit the child. The mother, who was plaintiff in the divorce proceedings, brings the cause here for review.

Section 5136 of the General Statutes of 1901 provides:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children."

It is insisted that the true meaning of this provision is that the court must give the custody of the children to one or the other of the parties to the suit. But there is no ambiguity in the statute; it is clear, and leaves no room for interpretation. In *McAllister v. Fair*, 72 Kan. 533, 84 Pac. 112, 3 L. R. A., n. s., 726,

it was held that this court was powerless to read into the statute of descents and distributions an exception in order to prevent a man who had murdered his wife from inheriting her estate. The legislature might have provided that the custody of children in divorce cases shall be awarded to one of the parties, but it failed to do this, and we are not at liberty to read such a provision into the statute. Moreover, it is plain that to do so would often defeat the purpose of the statute. It not infrequently happens in cases of this kind that the welfare and best interests of a child require that it be given into the custody of persons who reside beyond the jurisdiction of the court, and who may even reside in another state. This statute is broad enough in its terms to warrant the court in making, under proper restrictions, all necessary orders in such a case. If conditions afterward change, the courts of the state where the child is located have ample power to make all necessary orders and decrees for the child's welfare. In *Brown v. Brown*, 71 Kan. 868, 81 Pac. 199, the exact question presented here was not involved, but it was there said by way of illustration:

"In proceedings of this kind the rights of either parent to the custody and control of the children have small consideration at the hands of the courts, the welfare of the children being the prime and almost the only consideration. When necessary to promote the welfare of the children a court of equity will take their custody from either or both parents and award it to another." (Page 869.)

If the construction contended for were correct (that the court is without authority to place the child outside the county or judicial district) it would often lead to absurd results. The child might have relatives with whom it had formerly lived and who are willing and better able to provide a suitable home for it than others could possibly do. Suppose these relatives lived across the county line, outside the district where the suit for divorce was tried: must the court, in such a case, dis-

regard the best interests of the child and award its custody to a stranger? Suppose, also, after the order is made, that the person to whom the custody is given removes his residence and takes the child beyond the judicial district: would the law require him to surrender his charge, and must the court change the custody? If so, the same course would be required if the custodian removed across the road into another judicial district. The boundaries of judicial districts are subject to change whenever the legislature is in session; but the welfare of a child, which is the consideration upon which the statute proceeds and should always govern the courts in dealing with the subject, is something more sacred than even the lines which mark the boundaries of states. Where the trial court has kept this consideration in view, and determined what the child's best interests are and acted accordingly, its orders will not be disturbed except upon a clear showing that the court's discretion has been abused. In the present case no abuse of discretion appears.

The hardship of requiring the mother to travel a long distance to visit the child is no greater than frequently results where the custody of the child is awarded to one of the parents, who may reside at a considerable distance from the other parent, and, as frequently happens, may reside in another state. The suggestion has been made by defendant that the acceptance of the child by Mrs. Collins will make her subject to the orders of the district court as to the child, and that the court will have the power at any time to cite her to appear in court with the child. But it is unnecessary to decide what the jurisdiction of the court in the future may or may not be. It acted within its authority in making the order complained of, and, as observed at the outset, there was sufficient evidence to warrant the judgment refusing both parties a divorce.

The judgment is affirmed.