No. 36,028

FLORENCE JANNEY, *Appellant*, v. ROY W. JANNEY, *Appellee*.

(154 P. 2d 131)

Opinion filed December 9, 1944.

*John Madden, Jr.,* of Wichita, argued the cause, and *John Madden,* of Wichita, was on the briefs for the appellant.

*Walter F. McGinnis,* of El Dorado, argued the cause for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from an order of the district court which changed the custody of a child from its mother to its father.

It appears that on August 26, 1939, the parties to this action were divorced, and the custody of their only child, William Leroy Janney, then eight years old, was awarded to the plaintiff mother. By the terms of that decree the father was given the right to visit the child at reasonable times, and "to take said child with him during vacations and over week-ends at reasonable times and intervals, and for reasonable lengths of time." The decree further provided that the father should furnish all clothing, books and medical attention for the child, and pay to plaintiff $20 per month for his support.

It also appears that following the rendition of the foregoing decree in 1939, while the child was in the actual as well as the legal custody of the mother, he did not do well in school; and gradually,

notwithstanding the legal custody was vested in the mother, she permitted him to reside with his father. He married again, and for the last three years the boy has almost continually lived with his father in a comfortable farm home, and he has made good grades in school.

Sometime in 1943, on an intimation that plaintiff planned to take the boy to Oklahoma the father filed a motion in the district court which had rendered the divorce decree in 1939, praying for an order conferring his son's custody on him.

On June 25, 1943, this motion was heard. Each party produced several witnesses who testified in the case, as likewise did the plaintiff and defendant personally.

The trial court found that both parents had remarried, and—

"That the minor child, William Leroy Janney, has actually been in the custody of the defendant, Roy W. Janney, for a period of approximately three years, except while visiting with the plaintiff during school holidays; that said child was in custody of plaintiff on August 26, 1939.

"That said minor child should continue in the custody of the defendant subject to the right of the plaintiff to visit with him at reasonable times."

The court's order and judgment was in accordance with the quoted finding. This order made generous provision for the mother and child to visit each other, and that the child should make an annual visit of two months to his mother, and that his father should pay the mother $30 toward the support of the child for each of such two months' periods. These and other details of the order need no present attention.

The one matter which is complained of is the principal feature of the order—changing the legal custody of the child. Counsel for appellant asserts that he "relies on the record" to show that the presiding judge "absolutely abused his discretion" in changing the custody of the child.

This court has studiously perused the record, and we are constrained to hold that there is not the slightest basis for such an assertion. Quite the contrary. And without recapitulating the evidence which induced the court to reach its judgment, we think it was sufficient to justify the order changing the custody of the child, and can discern nothing in the record which would permit this court to interfere. We need scarcely repeat the elementary rule that when parents are divorced, the welfare of their children becomes the grave responsibility of the trial court. If a child is of tender age, almost

of necessity it must be entrusted to its mother's care, without weighing unduly what may be some possible shortcomings in her character or conduct, and notwithstanding the divorced father may be a man of superior character and attainments. But a court's order conferring the custody of a child upon one parent or the other is not a finality in the same sense as a final judgment in an ordinary lawsuit. (Civ. Code, § 672, G. S. 1935, 60-1510; *Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071; *Greenwood v. Greenwood,* 85 Kan. 303, 307, 116 Pac. 828.) See, also, *Woodall v. Alexander,* 107 Kan. 632, 193 Pac. 185. As a child grows out of babyhood or its early minority it may and frequently does happen that its welfare will be better served by changing its custody from an indifferent mother to a more considerate father. We think the present case is a good instance of this sort.

The judgment is affirmed.