No. 37,598

BETTY M. ANDERSON, *Appellant,* v. VERNON ANDERSON, *Appellee.*

(207 P. 2d 453)

Opinion filed
June 11, 1949.

*David Prager,* of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson,* both of Topea, and *U. S. Weary,* of Junction City, were with him on the briefs for the appellant.

*John E. Wheeler,* of Marion, argued the cause, and *Harry M. Tompkins,* of Council Grove, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for divorce, custody of a minor child and allowance of doctor bills and hospital expenses incurred in connection with the birth of a child.

The court found both parties were guilty of extreme cruelty towards each other and it granted a divorce to each of them from the other on that ground. No question is raised relative to the validity of that part of the judgment. On September 15, 1948, the court made conclusions of fact and law, as follows:

### "CONCLUSIONS OF FACT

"1. The plaintiff and defendant were lawfully married at White City, Kansas, on the 19th day of March, 1940, and since said time have continued to be wife and husband.

"2. Some time after their marriage plaintiff was employed, at Ft. Riley, Kansas, as a civilian employee, commuting each day from their farm home in Morris County, to and from Ft. Riley, which continued about 3 years.

"3. During the time from the date of their marriage up to the latter part of 1945 or early in 1946, plaintiff and defendant continued to live together in peace and harmony, but beginning from the latter time difficulties arose between them, which culminated in their separation in the middle of December, 1946, when plaintiff left their farm home and moved to Junction City, Kansas.

"4. On the 28th day of January, 1947, the plaintiff and defendant entered into a property settlement whereby plaintiff received the sum of $1,000.00 and relinquished all rights to the real estate owned by the defendant and also the household goods and farm machinery.

"5. Sometime in March, 1947, the plaintiff returned to the home of the defendant and remained for several days, ostensibly in an effort to effect a reconciliation with him, but after a few days she again left the home and returned to Junction City.

"6. Some time in April, 1947, the plaintiff was informed by Dr. Bowers,

of White City, Kansas, with whom she had been consulting for some little time, that she was pregnant with child but she did not inform *plaintiff* of that fact until some time the latter part of May, 1947.

"7. On the 10th day of May, 1947, plaintiff and defendant entered into an additional stipulation of property settlement by which plaintiff received an additional sum of $1,696.00 in addition to the $1,000.00 she had received under the settlement of January 28, 1947, and in addition thereto certain household goods enumerated in the agreement.

"8. On December 9, 1947, the plaintiff gave birth to a child, to whom she gave the name of Gayla Loree Anderson.

"9. Taking into consideration the mortgages and other outstanding indebtedness of the defendant, the plaintiff in the two settlements of January 28, and May 10, 1947, has received substantially more than half of the net worth of the defendant.

"10. Substantial and corroborated evidence has been received in evidence that the defendant has been guilty of extreme cruelty toward the plaintiff, and the plaintiff is therefore entitled to a divorce from the defendant.

"11. Substantial and corroborated evidence has been received in evidence that the plaintiff has been guilty of extreme cruelty and gross neglect of duty toward the defendant and that by reason thereof the defendant is entitled to a divorce from the plaintiff.

"CONCLUSIONS OF LAW

"1. The child, Gayla Loree Anderson, having been born in lawful wedlock, is the legitimate child of the plaintiff and defendant.

"2. A decree of divorce should be issued to each party; divorcing each party from the other.

"3. The settlement of May 10, 1947, is adjudged to be a final settlement between the parties, fairly entered into, and in full contemplation of the impending birth of the said child, and was intended to recompense the plaintiff for all expenses, incident to the birth of said child, and for the support of the said child."

On September 17, 1948, plaintiff, appellant, filed her motion for a new trial in which she requested the court to vacate and set aside conclusion of law No. 3 on the ground that portion of the judgment was contrary to the evidence and that a new trial be granted as to that portion of the decision. On September 18 appellant filed her supplemental motion for a new trial, challenging conclusions of fact No. 2, 5, 6, 8 and 9 for the reason they were contrary to the evidence. On October 7, 1948, the former motions came on for hearing. The trial court reconsidered them and amended conclusions of fact No. 2 and 8. (The amended findings are those previously set out.) Otherwise the motions were overruled. On October 21, 1948, appellant perfected her appeal from the order of October 7 overruling her motion to vacate conclusion of fact No. 9 and conclusion of law No. 3.

Appellee, the husband, first argues the appeal is not in time and should be dismissed. The contention is based on the theory the appeal is solely from the order overruling appellant's motion for a new trial and in no respect from the conclusions of fact or law made on September 15, 1948. We cannot agree. Both motions for a new trial, filed in time, challenged both conclusions of fact and law. The court reëxamined the record and reconsidered the evidence in response to the motions for new trial which challenged the conclusions of fact as well as the conclusions of law. Pursuant to such reëxamination and reconsideration it amended certain conclusions of fact on October 7, 1948, and in other respects overruled the motion. Under these circumstances we have not only a reëxamination and reconsideration of the facts but amendments touching such facts. Under these circumstances the appeal on October 21 from the challenged conclusions of fact and law and the overruling of the motions for a new trial entitles appellant to a review of both conclusions of law and fact. (*In re Estate of Harris,* 166 Kan. 368, 370, 201 P. 2d 1062.)

There is an apparent clerical error in conclusion of fact No. 6 as appellant's own evidence clearly discloses she notified appellee she was pregnant on May 10, the date the second contract was signed.

Appellant complains conclusion of law No. 3 is incorrect in that it is predicated on the erroneous fact the contract of May 10 was made in contemplation of the impending birth of the child. We cannot agree. There is ample testimony that contract was made in contemplation of the birth of the child and in contemplation of added expenses incident to its birth. The contract was entered into after it was definitely understood appellant was pregnant. The increased allowances to appellant under that contract, in addition to the amounts allowed her under the previous contract of January 28, were made in view of the impending birth of the child and the expenses to be incurred in connection therewith.

Appellee had previously refused to defray the expenses incident to the birth of the child. In view of the record before us he may well have had ample moral, if not legal, reason for his refusal to do so. At any rate we think the trial court understood that situation quite thoroughly and was justified in concluding the last contract was intended to recompense appellant for all expenses incident to the birth of the child.

This brings us to a consideration of the contract of May 10 insofar as provision for the support of the child is concerned. It may well be that this, too, was contemplated in the agreement as the trial court concluded. Our difficulty with the point is, first, that insofar as the contract constitutes an agreement between the parents it does not relieve the father from his statutory duty to support the child. The court found the child was born in wedlock. The second difficulty is that the law requires the trial court, when a divorce is granted, to make provision for the support of minor children. G. S. 1935, 60-1510, provides:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

Neither the agreement of the parties, approved by the court, nor a separate order of the court made such provision. The statute is mandatory. Appellee argues the wife, in addition to amounts allowed her under the contract of May 10, is earning a substantial salary and that she, as well as the husband, has a duty with respect to the support of the child. We need not pursue that contention now. Of course, in determining the nature of the support order the court had, and will continue to have, the power to take into consideration all proper facts and circumstances in the premises. Just what that order should be in view of all the circumstances of this particular case is not a question now before us and manifestly we will not pass on it. Our present concern is with the mandatory provision of the law which requires a court order for the support of children when a divorce is granted.

The case is remanded with directions to the trial court to make an order for the support of the child pursuant to the requirements of G. S. 1935, 60-1510. In all other respects the judgment of the trial court is affirmed.