No. 38,286

KERMIT DECKER, *Appellant*, v. DOROTHY DECKER, *Appellee*.

(233 P. 2d 527)

Opinion filed July 3, 1951.

*Bernard Peterson*, of Newton, argued the cause, and *J. Rodney Stone*, of Newton, and *James A. Cassler, Paul A. Lackie*, and *Charles D. Johnson*, all of McPherson, were with him on the briefs for appellant.

*George R. Lehmberg*, of McPherson, and *J. G. Somers*, of Newton, argued the cause, and *J. R. Rhoades*, of McPherson, and *George A. Robb*, of Newton, were with them on the briefs for appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a divorce action wherein both appellant father and appellee mother prayed for divorce and custody of their four minor children, whose ages are now approximately two, four, five and six years. The trial court after hearing the testimony offered at the trial made findings of fact and conclusions of law granting appellant father a divorce by reason of the fault of his wife, and finding that neither appellant nor appellee was a fit and proper person to have the custody of the minor children and granting the custody to the adoptive maternal grandparents.

No post-trial motions were filed by appellee. Appellant filed a motion to vacate and set aside certain findings of fact and con-

clusions of law made by the trial court and to adopt appellant's suggested findings and conclusions of law, and a motion for a new trial, which were overruled. Appellant in this appeal charges error in the court's action in overruling his motions above referred to.

The principal question involved in this appeal is whether the court abused its discretion in finding from the evidence adduced that appellant was unfit to have the custody of his children and in granting that custody to the adoptive maternal grandparents.

At the outset, it may be stated that under our recent and often repeated decisions to which we have strictly adhered for many years, the established and inviolate rule has been and now is that a parent who is able to care for his children, who desires to do so, and who has not been found to be an unfit person to have the custody in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody, even though at the time the natural parent asks the custody, such grandparents or others are giving the children proper and suitable care and have acquired an attachment for them. (*Stout v. Stout,* 166 Kan. 459, 201 P. 2d 637, and cases therein cited and reviewed.)

That brings us to the single question in this case. Was there any substantial evidence to justify the trial court's finding that the father was an unfit person to have the custody of his children and to support the award of their custody to the grandparents? The finding of the lower court that the mother (appellee) was unfit to have custody is not before us, as appellee neither appeared in the court below, nor makes any appeal from rulings there made.

Appellant argues that there was no substantial evidence in the record to indicate that he was an unfit person to have the custody of his children. We have carefully reviewed the evidence, and while some of the members of this court might have reached a contrary conclusion to that of the lower court, we are unable to say there was no evidence to sustain the trial court's judgment.

It has been the rule of this court that the findings and judgment of a trial court on an issue of fact supported by substantial though controversial evidence will not be disturbed on appeal. (*Crews v. Sheldon,* 106 Kan. 438, 186 Pac. 498.) In the absence of abuse of sound judicial discretion in awarding the custody and control of children, the judgment of the trial court will not be disturbed on appeal. (*Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127.)

In divorce actions of this kind the right of either parent to the custody and control of the minor children must be given secondary consideration to that of promoting the general welfare of such children. For good cause shown, the trial court may deprive both parents of the custody and control of their minor children and award the custody and control to another in conformity with the best interest of the children. (*Collins v. Collins,* 76 Kan. 93, 90 Pac. 809; *Hayn v. Hayn,* supra; Hatcher's Kansas Digest, Parent and Child, § 12; West's Kansas Digest, Divorce, § 298 [1].)

The trial court had before it the father, the children, and the grandparents, both maternal and paternal; and we must assume that in determining what was for the present best interests of the children, the court considered the father's present facilities and ability to care for the four children of such tender years; considered which of the grandparents were presently better able to care and provide for the children, financially and otherwise; and considered the ready accessibility of both church and school, and other matters, in arriving at its conclusion that the interests of the children would be best served by awarding their custody to the maternal grandparents instead of to their father who also asked custody, no evidence appearing in the record of his moral unfitness to have that custody and control. Under such circumstances the correct determination of the controversy rested in the discretion of the trial court.

In view of the evidence and what has been said above, we cannot say that the trial court abused its sound judicial discretion in awarding the present custody and control of the children to the maternal grandparents so long as such grandparents are willing to and *do* keep the children *in their own home* and personal custody, with parents' rights of visitation as decreed by the trial court.

Appellant's future right to the custody of his children has not been foreclosed. Jurisdiction of the district court over the minor children in a divorce action is a continuing jurisdiction (G. S. 1949, 60-1510; *Janney v. Janney,* 159 Kan. 230, 232, 154 P. 2d 131; *Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756). As these children grow out of babyhood, and their father's facilities for caring for them or other conditions change so that the welfare of the children warrants the court's granting the custody to the father, he may in a proper prc ceeding ask the court to modify and change the order made in this case and regain the custody which is rightfully his as the natural father.

The judgment of the lower court is affirmed.