No. 38,359

Paul M. Powell, *Appellee*, v. Alletta Powell (now McCracken), *Appellant*.

(249 P. 2d 630)

Opinion filed November 8, 1952.

*C. P. Schenck*, of Topeka, argued the cause and was on the brief for the appellant.

*J. E. DuMars*, of Topeka, argued the cause, and *Clayton M. Davis*, and *Mark L. Bennett*, both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the district court involving the custody of a minor child of the parties. Briefly, the facts are as follows:

On July 9, 1936, the parties to this action were divorced and the custody of their child, Patricia Powell, then six months of age, was awarded to appellant (mother). The record reveals that the child is subnormal. A medical examination made in 1941, when she was five years of age disclosed the following illnesses: Severe mental retardation with organic brain defects; congenital cataracts of both eyes; retarded physical development with moderate spasticity of both lower extremities, and moderate anemia. Patricia has been under the care of physicians and surgeons from the time of her birth. She has been unable to talk clearly; to dress and feed herself, and unable to walk without assistance.

Some time after the decree of divorce, appellant not being financially equipped to support herself, prepared for a teaching career, and in 1943 she and Patricia moved to Cherryvale, Kan., where appellant taught school and employed Mrs. R. R. Bennett of that city as a housekeeper and practical nurse to look after Patricia. Appellant later remarried and for some time has resided at Carlsbad, N. Mex., the child remaining with Mrs. Bennett. There can be no question that at all times while appellant had custody of the child, she visited her frequently and provided for every need.

On August 18, 1949, appellee filed his motion to have the legal custody of Patricia changed to him. This motion was presented to the trial court, and on the 8th of June, 1950, the court found:

"That it would be to the best interests of and advantageous to the minor daughter of said parties, Patricia Powell, that her custody be changed from the defendant, Alletta M. Powell, to the plaintiff, Paul M. Powell. The court further finds that it would be to the best interests of said Patricia Powell that her physical custody will remain with Mrs. Bennett at Cherryvale, Kansas. The court further finds that there should not be any change of the physical custody of the said Patricia Powell without an express order of this court so authorizing." . . .

The court entered judgment accordingly. On June 10, appellant filed a motion to reconsider the mentioned order and to change the legal custody back to her. This motion must and will be treated as an original application to change the custody of the minor child. At the hearing each party produced witnesses who testified as did the plaintiff and defendant, personally. After due consideration the court on November 9, 1950, found:

". . . That it would be to the best interest of and advantageous to the minor daughter of said parties, Patricia Powell, that her custody be in the plaintiff, Paul M. Powell, and that the order of the court heretofore made on the 8th day of June, 1950, be and remain in full force and effect." . . .

The court's order and judgment was in accordance with the findings. The only matter which is complained of is that part of the order—granting legal custody of Patricia to appellee. Both parties are content in having the physical custody of Patricia remain with Mrs. Bennett of Cherryvale, Kansas.

Counsel's sole contention on appeal is that the trial court abused its discretion in granting the legal custody of the child to appellee.

It would serve no useful purpose to set forth in detail the evidence and claims of the parties. It appears from the record that the principal issue between the parties is the method and scope of medical treatment that should be administered to the child. The appellee is a physician and surgeon practicing in Topeka, Kan. He testified that while appellant had secured medical aid and treatment for their daughter, he had no voice in the kind and extent of treatment that should be given, and that at times he was unable to obtain information from doctors employed by appellant; that previously he had Patricia examined by the Menninger Clinic in 1941, but she was never returned for further examination or treatment. He also testified that he was in a position to take a more active, personal interest in his daughter than he had in the past; that he intended to have additional physical examinations of Patricia, and that he was in a better position than appellant to determine what medical treatment should be administered to the child.

From a review of the entire record, we are unable to say that the trial court abused its discretion in placing the legal custody of the child with its father. In an unbroken line of decisions of this court, it has been held that the jurisdiction of the district court over the custody of minor children in a divorce action is a continuing jurisdiction (G. S. 1949, 60-1510), and that the court may on proper motion and notice modify and change any order previously made providing for such custody whenever circumstances are shown which make such modification proper. (*Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756; *Decker v. Decker,* 171 Kan. 380, 233 P. 2d 527.)

Moreover, it is also a well established rule of this state that whether the court will change the custody of children rests in the sound discretion of the trial court in view of all the facts and circumstances shown by the evidence, and that the findings and judgment of the trial court on issues of fact supported by substantial though controversial evidence will not be disturbed on appeal. The

judgment of the trial court in these matters will not be disturbed on appeal, unless it is clearly made to appear the trial court's action in awarding the custody is so unjust and unreasonable as to constitute an abuse of discretion. (*Kogler v. Kogler,* 163 Kan. 62, 179 P. 2d 940; *Fryer v. Lancaster,* 169 Kan. 368, 371, 219 P. 2d 358; *Maston v. Maston, Decker v. Decker,* both *supra; Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603.)

We are unable to find anything in the record which would justify the holding that the trial court abused its discretion. The trial court had before it the father, mother, and the afflicted child, and we must assume that in determining what was for the best interests of the child the court considered the father's professional status as a physician and surgeon, his association with clinics and hospitals in the community, his contact with the various specialists in his profession; willingness to have further medical examinations of the child, and his financial ability to provide for her necessary care and treatment. Under such circumstances the correct determination of the controversy was within the sound discretion of the trial court and we cannot say that such discretion was abused.

The judgment of the lower court is affirmed.