No. 39,308

Francis B. Duffy, *Appellee*, v. Elsbeth M. Duffy, *Appellant*.

(268 P. 2d 931)

Opinion filed April 10, 1954.

*Tom Lillard, Jr.,* of Salina, argued the cause, and *C. L. Clark,* and *James P. Mize,* both of Salina, were with him on the briefs for the appellant.

*Robert H. Royer,* of Abilene, argued the cause, and *Paul H. Royer,* of Abilene, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the district court involving the custody of a minor child of the parties. The appellee

Francis B. Duffy will be hereinafter referred to as plaintiff or husband, and the appellant Elsbeth M. Duffy as defendant or mother. Briefly the facts are as follows:

On February 7, 1953, plaintiff commenced an action for divorce against the defendant in the district court of Dickinson county. The petition alleged, in substance, the residence of the plaintiff, his marriage to the defendant, the names of the two children of the marriage, that the defendant had been guilty of gross neglect of duty and extreme cruelty toward the plaintiff, and further stated plaintiff believed that unless defendant was restrained from taking the children of the parties out of the state of Kansas, defendant would attempt to obtain possession of and remove them from the state. The petition prayed for a divorce, temporary and permanent custody of the minor children, and for such other relief as might be deemed just. Upon the filing of the verified petition, plaintiff obtained an order on February 7, 1953, in accordance with G. S. 1949, 60-1507, from the district court of Dickinson county awarding him the care, custody and control of the minor children, one of which is involved in this appeal, enjoining the defendant from taking the minor children from the residence of the plaintiff in Dickinson county, and from molesting or interfering with them in any manner during the pendency of the action. Defendant at the time was a resident of the state of Nevada, and service of summons by publication was had upon her under the provisions of G. S. 1949, 60-1504, and G. S. 1953 Supp., 60-2525. Before the trial of the action and without the knowledge of plaintiff or the court, the minor children were in some manner removed from Dickinson county by the defendant who met them at Oklahoma City and removed them from that point to her home at Las Vegas, Nev. The case came on for hearing on its merits in Dickinson county. The court after hearing plaintiff's evidence, defendant not appearing, granted a divorce to the plaintiff, and awarded him the custody of the children. Subsequent to the judgment of the Dickinson court, habeas corpus proceedings were instituted by the plaintiff in the district court of Clark county, Nevada, seeking possession of the minor child in volved in this action, in accordance with the decree and custody order entered in the divorce action by the district court of Dickinson county. While plaintiff did not obtain all the relief sought in the habeas corpus proceeding, nothing was contained in the order of the Nevada court which deprived the Kansas court of jurisdiction of the minor child. Subsequently the child was brought back

to Kansas, and on July 3, 1953, while the plaintiff had the custody of the child in Dickinson county, he filed his motion in the original divorce action, requesting the Dickinson court for an order granting him the permanent custody of the minor child. A copy of the motion, together with the notice that it would be heard on July 30, 1953, was mailed to defendant's counsel in Nevada. Defendant appeared, specially, objecting to the jurisdiction of the Kansas court. Defendant, through her counsel, participated in the hearing, after which the court sustained plaintiff's motion and granted him full care and custody of the minor child.

The defendant does not question the jurisdiction of the Dickinson court in granting the divorce. As a matter of fact, she accepted the provisions of the decree and has since married. On this appeal, she contends that the court acted beyond the scope of its jurisdiction in awarding the custody of the children to the plaintiff by its order of February 7, 1953, for the reason that no personal service of summons was had upon her in the action then pending in that court and that its subsequent order after hearing the case upon its merits was also void for the same reason. Defendant's contention cannot be sustained. It is clear from the record that plaintiff's verified petition sought a divorce, custody of the children, and an order restraining defendant from removing them from the jurisdiction of the court. At the time of filing the petition and securing the order for custody, as aforementioned, the children were in plaintiff's possession and were under the jurisdiction of the district court of Dickinson county. The mentioned order of February 7 was made pursuant to the prayer of plaintiff's petition, and in accordance with G. S. 1949, 60-1507, which provides, in part:

"After a petition has been filed in an action for divorce . . ., the court, . . . may make without bond, and enforce by attachment, such order . . . for the control of the children . . . during the pendency of the action, as may be right and proper, . . ."

The phrase "during the pendency of the action" contained in the foregoing statute means any time from the commencement of the action until and including final disposition thereof. (*Bennett v. Bennett*, 175 Kan. 692, 266 P. 2d 1021.) It follows that when the petition was filed, and the order was made by the court, jurisdiction attached immediately in the Dickinson court over the divorce action and the future welfare of the children. It cannot be said that the spiriting away of the children, in some manner, from Dickinson county by the defendant, who met them at Oklahoma City and

removed them from that point to her home in Nevada, without the knowledge or consent of the plaintiff or the court, in any way deprived that court of its acquired jurisdiction. The court, having obtained jurisdiction of the children upon the filing of the action, rightfully made provision for their custody upon the hearing of the case on its merits and granting a divorce to the plaintiff. G. S. 1949, 60-1510, provides:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

Under the provisions of the mentioned section, the trial court when granting the divorce was required to make an order concerning the custody of the minor children. (*Anderson v. Anderson*, 167 Kan. 494, 207 P. 2d 453.) A court order conferring the custody of a child upon one parent or the other is not a finality in the same sense as a final judgment in an ordinary lawsuit. (*Janney v. Janney*, 159 Kan. 230, 232, 154 P. 2d 131; *Moloney v. Moloney*, 167 Kan. 444, 206 P. 2d 1076; *Kamphaus v. Kamphaus*, 174 Kan. 494, 256 P. 2d 883.) In an unbroken line of decisions of this court it has been held that the jurisdiction of the district court over custody of minor children in a divorce action is a continuing jurisdiction, and the court may on proper motion and notice modify and change any order previously made providing for such custody, whenever circumstances are shown which make such modification proper. (*Powell v. Powell*, 173 Kan. 435, 249 P. 2d 630; *Decker v. Decker*, 171 Kan. 380, 233 P. 2d 527; *Maston v. Maston*, 171 Kan. 112, 229 P. 2d 756, and other cases cited under G. S. 1949, 60-1510, and G. S. 1953 Supp., 60-1510.)

The district court of Dickinson county having acquired jurisdiction of the subject matter in the divorce action and the children at the time of the filing of plaintiff's petition and entering its order of February 7, 1953, granting their custody to him during the pendency of the action, retained jurisdiction of the children, and its subsequent orders with reference to the child in question were valid. Defendant's future right to custody of the child has not been foreclosed. Should conditions change so that the welfare of the child warrants the granting of its custody to the mother, she may in a proper proceeding ask the district court of Dickinson county to modify or change the order made in this case.

It necessarily follows that the judgment must be affirmed.

It is so ordered.