No. 46,366

HAROLD EUGENE IRWIN, (Harold O. Irwin and Mildred P. Irwin, Intervenors), *Appellees,* v. SHIRLEY CHARLENE IRWIN, *Appellant.*

(505 P. 2d 634)

Opinion filed January 20, 1973.

*Wilburn Dillon, Jr.,* of Jones, Schroer, Rice and Dillon, Chartered, of Topeka, argued the cause and was on the brief for the appellant.

*B. L. Pringle,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is a child custody contest between mother and paternal grandparents. The latter prevailed in the trial court and the mother has appealed.

The background of the proceeding should first be stated. In 1966 in the district court of Shawnee county, Kansas, Harold Eugene Irwin filed suit for divorce from his wife, Shirley Charlene Irwin, appellant herein. Shirley filed an entry of appearance but otherwise defaulted in the action. Harold Eugene was granted a divorce September 21, 1966, and was also awarded custody of the parties' two children, then aged three and two. Shirley was granted rights of visitation. This judgment was rendered by the then judge of division No. 2 of the trial court, the Honorable Marion Beatty. The journal entry of judgment evidencing the divorce decree contained no finding of unfitness as to the mother, Shirley. It appears that at the time the divorce was granted the children were actually being cared for by their paternal grandparents, Mr. and Mrs. Harold Otis Irwin, appellees herein, and the children have since remained in their custody.

In 1967 Shirley filed in the trial court a motion for change of the children's custody to her. This application was heard April 4, 1967, by Judge Beatty and was denied. Both sets of grandparents, as well as the parents, appeared at this hearing. The court made the following finding:

". . . [T]he best interest of the minor children herein will best be served by leaving them in the care of the paternal grandparents, and the court accordingly finds that the custody should be awarded to them, namely, Mr. and Mrs. Harold Otis Irwin of 421 Pottawatomie, Rossville, Kansas, and that the defendant shall be awarded liberal visitation privileges."

The court ordered the father, Harold Eugene, to make monthly payments through the court clerk toward the support of the children. Again, the journal entry of judgment reflecting the court's action contained no finding of unfitness on the part of the mother. No appeal was taken from this order.

March 16, 1970, the mother, whose name is now Shirley Charlene Miller, filed another motion for change of custody of the children to her. The paternal grandparents were permitted to intervene in the proceeding and to file an answer in which they alleged no change of circumstances sufficient to warrant change in the children's custody had occurred and their best interest and welfare would be served by leaving their custody unchanged; in the alternative they answered that if a change should be made the children's best interest would be served by awarding custody to their father.

The motion was heard by the Honorable Michael A. Barbara, successor to Judge Beatty as judge of division No. 2, and was denied July 1, 1970. This appeal by the mother is from that order.

The matter at issue may best be understood by quoting the remarks of the trial court made at the conclusion of the evidence and at the time judgment was rendered, as follows:

"THE COURT: All the evidence is in, gentlemen. I'll hear your arguments on the question of custody of these children. Mr. Schroer, it is your motion; I'll hear from you first, sir.

"(Thereupon, a portion of Mr. Schroer's argument is presented; whereupon, the Court interrupts as follows:)

"THE COURT: It might save you, gentlemen, how to present your arguments, the Court is proceeding on the basis that the order of April 4, 1967, granting custody of the minor children to the paternal grandparents is a valid order. The finding made by Judge Beatty at the time based upon the Journal Entry, and I quote, 'The Court finds that the best interest of the minor children herein will be best served by leaving them in the care of the paternal grandparents, and the Court accordingly finds that the custody should be awarded to them,

namely, Mr. and Mrs. Harold Otis Irwin. . . .' and it gives the address and so on.

"The original decree in September, 1966, gave custody of the minor children to the plaintiff father. Now, the Court's feeling is the only issue before the Court is whether there has been a substantial change since April 4, 1967, and whether if there is any substantial change whether that change is in the best interest and welfare of the children to change custody. The issue of the fitness or unfitness of the mother or father is not before the Court. The Court's feeling is that if any Court attempting to take children away from the natural parents to a third party, including grandparents, must make a finding of unfitness before children can be severed from their natural parents. But that is not the issue here. That issue has been under the bridge and solved. Now, whether Judge Beatty had a factual basis for legal finding to make a finding of unfitness, I don't know, and the Court doesn't intend to question that. There has been no appeal from that order. That order is a valid order. Therefore, the question of unfitness is not before the Court of either the father or mother.

  .   .   .   .   .   .   .   .   .   .   .   .

"(Thereupon, arguments by both counsel were presented to the Court; whereupon, the following further proceedings were had.)

"THE COURT: . . .

"First of all, the Court has made a record concerning the legal bases and the legal issue before the Court. The Court's ruling is that based upon the fact that as already put on the record by the Court concerning the test involved, but in addition, the Court starts with the basic premise that the order made by Judge Marion Beatty on April 4, 1967, is a valid order. The presumption is that the Court considered all matters relevant to the issues framed at that time, that the order was based upon valid legal reasons and legal findings. Now, with that basis then this Court has before it motion of the mother, in this case the defendant, to change custody from the parental grandparents, Mr. and Mrs. Harold Irwin, which was done in the order of April 4, 1967. And the Court's statement made earlier is still the feeling of the Court, that that is the issue and the burden at this point is upon the mother to show that there has been a substantial change in the circumstances and that it is in the best interest of the children that the custody change from the parental grandparents to the mother.

"Now, on that basis the Court then looks to the evidence and the testimony presented here today and on the 29th day of June, 1970. Before the Court makes it formal ruling, I want the parties to understand, all the parties present here today, that in this case we are fortunate in these two children love all the people involved. There is no bad feelings or any friction or any tension between the two girls and all the people in this Courtroom. These people are all loved by the children. The relationship with the children with these people are all very happy. And I know that my order today will make somebody unhappy. But again, keep in mind the only order I make and only reason for my order is that I think in the best interest of the children certain custody should be done or should be given. . . . Gentlemen, based upon the findings and on the testimony, the Court finds that the evidence is undisputed

that the children are being well taken care of at the present time in the home of the paternal grandparents. There has been no objection or any testimony that the children are not being raised properly.

"The Court in reviewing the children and visiting with them found them to be healthy children from the short visit with a very beneficial attitude concerning everybody concerned and things in general. The children are being reared properly. They are receiving a religious training which seems to be, from all the evidence, to the best interest of the children.

"The biggest thing the Court has at this point here, we are talking about the natural mother who brought these children into the world, who bore those children, who now says 'I want my children.' The Court can not escape the fact that these children have lived in the home of the paternal grandparents since 1966, June of 1966, when they were approximately two and three. They are now seven and six. The mother has not had custody of the children since 1966, although from all the evidence she has seen them frequently on weekends. Counsel well know, and the parties should know, the formative years of a child are just about the ages we are talking about now in the last couple of years. What the mother is asking the Court to do now is to say 'I want my children back.' And the Court has to determine whether at this point it is in the best interest of the children to do so. The Court feels that the next couple of years is going to be just as crucial in regard to the formative years of children. One of the big concerns the Court has, that if the Court doesn't grant custody back to the mother or changes custody, will it be done, and if so when will it be done. Every year that goes by makes it more difficult for the grandparents to give up the children, more difficult for the Court, because as counsel well bring out, the parties can say 'Well, we have had the children all these years. Why should it be changed now?' These things have occurred to the Court and have concerned the Court. But the Court's feeling is the fact that the mother or parent naturally brings in children into the world doesn't give them an absolute right to custody of the child when in the best interest of that child or children some other disposition has been made.

"In this case in April, 1967, Judge Beatty made an order granting custody to the paternal grandparents. And the presumption is this Court goes on the basis it was a valid order and valid reasons for it. So the Court is looking at this point, is there sufficient substantial change in the circumstances since April, 1967, which have occurred which in the Court's judgment would be in the best interest and welfare of these children to change custody. The Court must answer that question as, no, it has not been material enough to change custody. The Court's feeling is the best interest of these children would be served by remaining with the grandparents. How long I don't know and we don't propose to pass on. The motion that is presently before the Court, the ruling is based upon circumstances as exist, and so the motion of Mrs. Miller, the defendant, for change of custody is denied. The Court has made a record on its findings and legal basis to protect the parties."

The court's formal ruling was journalized thus:

"1. That the defendant's Motion to change the custody of the minor children of the parties hereto should be and it is herewith overruled, the Court

specifically finding that there has not been a sufficient change *in circumstances* to warrant the change of the custody of the minor children to the defendant. . . ."

The parties agree the issue before this court is embodied in the statement of points filed by appellant as follows:

"The Court erred as a matter of law in ruling that, absent a showing of unfitness, Shirley Charlene Irwin as natural parent of the minor children has the burden of proof to show a substantial change in circumstances and that it is in the best interests of the children in order to change custody from parental grandparents to the natural mother."

Hence the record on appeal contains none of the evidence heard by the trial court in determining the motion.

Briefly stated, appellant contends the trial court erred in ruling, absent a showing of her unfitness, that she has any burden to show changed circumstances. She asserts that in the absence of a finding of unfitness the natural mother has a right to custody of her minor children as against their grandparents, and since there never has been a finding of unfitness on her part in the decree of divorce, the order of April 4, 1967, or in the July 1, 1970, order, she is entitled to custody.

Appellees respond that in matters pertaining to child custody in divorce actions the order of the court becomes *res judicata* as to all the facts obtaining at the time the custody order is entered; therefore, the previous grant of custody to the grandparents removed from consideration the issue of unfitness of the mother and the only question to be decided was whether there had been a sufficient change of circumstances to justify change of custody from the grandparents.

First, we deal briefly with the doctrine of *res judicata* as applicable here.

K. S. A. 1971 Supp. 60-1610 provides in pertinent part with respect to custody of children in a divorce action:

"(a) *Care of minor children.* The court shall make provisions for the custody, support and education of the minor children, and may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of a minor child if (*i*) the child is physically present in the county, or (*ii*) domicile of the child is in the state, or (*iii*) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state."

In construing the predecessor of this statute, G. S. 1949, 60-1510, which contained virtually identical provisions so far as pertinent

here, this court in *Duffy v. Duffy,* 176 Kan. 112, 268 P. 2d 931, iterated the rule that the jurisdiction of a district court over custody of children in a divorce action is a continuing one and the court may on proper motion and notice modify and change any order previously made providing for such custody whenever circumstances are shown which make such modification necessary. Stated as a general proposition, this means that a custody decree can be modified when a change of circumstances justifies such action.

The doctrine of *res judicata* has been recognized in child custody contests but its application is limited and a court order conferring custody is not a finality in the same sense as a final judgment in other types of litigation. In *Hardman v. Hardman,* 203 Kan. 825, 457 P. 2d 86, the contest for custody was between the parents, in which situation it is not required that one parent be found unfit in order to award custody to the other, and the extent of the doctrine was there illustrated thus:

"An order awarding custody of a minor child is *res judicata* only as to matters as they existed when the order was made and does not bar later inquiry into the issue of custody where circumstances have changed.

"The doctrine of *res judicata* applies to an order awarding custody of a minor, in that a court cannot reexamine the facts formerly adjudicated and make a different order thereon." (Syl. ¶¶ 1 & 2.)

Here there was no prior adjudication of the fitness of the mother and the doctrine of *res judicata* has no application.

This court for many years in child custody cases has adhered to that which has sometimes been called the parental right doctrine (see anno. Child Custody—Mother v. Grandparent, 29 ALR 3d 366, § 2, p. 379, § 6[a], p. 391) the rationale for which may be found in *Stout v. Stout,* 166 Kan. 459, 201 P. 2d 637. In *Christlieb v. Christlieb,* 179 Kan. 408, 295 P. 2d 658, the doctrine was tersely stated:

"A parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to custody as against grandparents or others who have no permanent or legal right to custody." (Syl.)

See, also more recent cases cited at 4-6 Hatcher's Kansas Digest, Perm. Supp. (rev. ed.), Parent and Child, § 8.

In *Christlieb* the contest was between the children's mother and their maternal grandmother. The children's parents were divorced by a decree which granted eventual custody to the maternal grandmother. The trial court did not then, or in any of several subsequent applications by the mother for custody, find that the mother was

an unfit person to have custody. On appeal an order of the trial court denying the mother's latest application for custody was reversed. This court announced and applied the rule stated above despite recognition of the fact that the grandparent may have been giving the children proper and suitable care and may have formed an attachment for them.

In the case at bar the trial court implicitly acknowledged the parental right doctrine but proceeded upon the basis that a finding of the mother's unfitness had already been made, that is, that Judge Beatty had, as a part of his April 4, 1967, judgment, made such a finding. The trial court's ruling, and appellees' argument here in support of its affirmance, are premised upon that assumption. The trial court appears to have proceeded on the theory its predecessor must have made such a finding; otherwise, the April 4, 1967, order giving custody to the grandparents would have been erroneous. The difficulty is, the record reveals no such finding, nor, in the face of the numerous decisions referred to above, can any such presumption be indulged. An award of custody to third persons as against either of the parents simply does not *ipso facto* include a finding of unfitness on the part of the latter. The 1967 award of custody to the grandparents would under our decisions have been subject to reversal on appeal, and the current award must be so treated, premised as it was on the erroneous assumption. The general rule that a change of circumstances must be shown to obtain modification of a child custody order does not apply where there has been no adjudication of unfitness of the only parent seeking custody.

The judgment denying change of custody is reversed. In that judgment, made July 1, 1970, the trial court declined adjudication of the issue of appellant's fitness to have custody of her children. This issue should now be determined in the usual way, with evidence and findings on the subject, based on present circumstances and conditions. In the absence of sufficient evidence and a finding of unfitness on the part of the parent seeking custody, the doctrine of parental preference should take its course.

The judgment is reversed and the cause is remanded for further proceedings in accord with the views herein expressed.

APPROVED BY THE COURT.