No. 46,901

JULIA ANN CARR, *Appellant*, v. RONALD LYNN CARR, *Appellee*.

(512 P. 2d 357)

Opinion filed July 14, 1973.

*Warner Moore, Curtis Irby, John Madden, III*, all of Wichita, were on the brief for the appellant and cross-appellee.

*D. Arthur Walker*, of Arkansas City, argued the cause for the cross-appellant, and *Orval L. Fisher*, of Wichita, was with him on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

FOTH, C.: This is a divorce action in which the chief controversy below concerned the custody of the parties' two minor children. The trial court awarded custody to the husband, and the wife appealed.

During the trial the husband offered as evidence (1) a report on the parties' marital situation which had been compiled by a juvenile officer under order of the court, and (2) a tape recording of a conversation between the husband and one of the children. Both items were excluded, presumably because they were hearsay. The husband cross-appealed from the rulings which excluded his evidence.

After the case was docketed here the wife voluntarily dismissed her appeal. The husband nevertheless seeks to maintain his cross-appeal to review the two evidentiary rulings.

The rulings are, of course, not "final orders," appealable as of right under K. S. A. 60-2102 (*a*) (4), nor are they appealable orders under any other statutory provision except that relating to cross-appeals, K. S. A. 60-2103 (*h*). Since the main appeal has been dismissed the cross-appeal cannot stand. *Pease v. Snyder,* 166 Kan. 451, 453, 201 P. 2d 661. And compare Syl. ¶ 6 of *Rusch v. Phillips Petroleum Co.,* 163 Kan. 11, 180 P. 2d 270, with Syl. ¶ 8 of the same case.

The husband suggests that we should pass on the admissibility of the evidence because its exclusion would otherwise become "the

law of the case," thus hampering him in any future custody hearings. We note that in such hearings the only issue would be a change of circumstances since the time of the divorce. (*Irwin v. Irwin,* 211 Kan. 1, 505 P. 2d 634, and cases cited therein.) This evidence, relating to events prior to the divorce, would be in admissible in any event. The issue of admissibility at the trial is therefore moot.

For the foregoing reasons the cross-appeal is dismissed.

APPROVED BY THE COURT.