No. 47,078

Anna M. Basinger, *Appellee*, v. Jimmie L. Basinger, *Appellant.*

(515 P. 2d 1102)

Opinion filed November 3, 1973.

*Owen J. Redmond, Jr.,* of the firm of Redmond, Redmond & Smith, of Wichita, was on the brief for appellant.

*V. Lee Garrett,* of Wichita, was on the brief for appellee.

*Per Curiam:* This is an appeal in a child custody case. The facts are not in dispute.

Custody was awarded to appellee, the child's mother, in the divorce action. The mother retained custody until October 20, 1971, when she consented to custody being transferred to appellant, her former husband and the child's stepfather. The appellee approved the journal entry changing custody without a hearing, and took no appeal from that change of custody order. There was no finding the appellee was unfit. On September 18, 1973, appellee filed a motion to regain custody of the child. In his answer, the appellant alleged custody had been awarded to him; that the child was being properly cared for; that he desired an investigation and report by the juvenile court concerning the change of custody, and for such further relief as deemed equitable and just. He made no allegation the appellee was unfit.

At the hearing, appellant moved the district court to order a juvenile investigation and report to determine if a change of custody back to the mother should be made. In a discussion with counsel, the district court stated it was of the opinion the order entered on October 20, 1971, was void for the reason the court lacked jurisdiction to make such an order. Briefs were filed with the court on this issue. Thereafter, the court held the custody order of October 20, 1971, was void and awarded custody to the appellee. The district court held no evidentiary hearing, nor did it order an investigation by the juvenile court.

Appellant contends the district court erred in two respects: (1) In holding the order of October 20, 1971, was void and of no force or effect, and (2) in returning custody to appellee without an in-

vestigation by the juvenile court or other hearing to determine the fitness of appellee. We agree with the appellant on both points.

The district court not only had jurisdiction to make such an order, but it had a statutory duty to make provisions for the minor child and to modify or change the order at any time to advance the welfare of the child. (K. S. A. 1972 Supp. 60-1610 [a].)

This court has consistently held that a parent who is able to care for his or her minor children and desires to do so, and who has not been found unfit, is entitled to custody. (*Irwin v. Irwin*, 211 Kan. 1, 505 P. 2d 634; *Finney v. Finney*, 201 Kan. 263, 440 P. 2d 608.) A district court, with the consent of the parent to whom custody has been awarded, has jurisdiction to make an order awarding custody to a nonparent without finding the parent unfit. An order divesting a parent of custody and awarding custody to a nonparent where the right to custody is contested, would not be void for lack of jurisdiction—it would be only erroneous and voidable. When a parent to whom custody has been awarded does not desire to retain custody, a finding of unfitness is not a prerequisite to the district court awarding custody to a nonparent.

The judgment is reversed with directions to hold an evidentiary hearing to determine whether the appellee is a fit and proper person to have the care, custody and control of her minor child, and to render judgment accordingly.