Wood v. Shaw.

No. 18,723.

F. E. WOOD, *Appellant*, v. N. F. SHAW et al., *Appellees*.

SYLLABUS BY THE COURT.

PARENT AND CHILD—*Mother Deceased—Father Entitled to Custody of Minors*. A father of two infant children upon the death of their mother placed them with her parents, under an agreement that they should remain there until fourteen years of age. Four years later the father, having remarried, sought to regain their custody. *Held*, that he was not bound by the agreement, and being a proper person for the purpose, was entitled to have them restored to him.

Appeal from Pratt district court; PRESTON B. GILLETT, judge. Opinion filed April 11, 1914. Reversed.

*R. F. Crick, William Barrett,* and *L. G. Turner,* all of Pratt, for the appellant.

*F. L. Martin, Van M. Martin,* both of Hutchinson, and *W. B. Hess,* of Pratt, for the appellees.

The opinion of the court was delivered by

MASON, J.: F. E. Wood, the father of two children, who had been under the care of their maternal grandparents, N. F. and Harriet Shaw, on July 26, 1911, brought action in the district court asking to be awarded their custody. His petition was denied, and he appeals.

The mother of the children died March 30, 1907, one of the children, a boy, being then two years old, and the other, a girl, but four days old. From that time they lived with their grandparents, the respondents. In the following October the father and the grandparents executed a written contract which recited that the latter had assumed the care of the children because of their love for their dead daughter, and agreed to give them proper care suitable to their station in life. The agreement included provisions that the father should

Wood v. Shaw.

pay one hundred dollars a year toward their support; that he should have a right to visit with them at any time. he might desire, to take them with him at all reasonable times, and to enjoy their companionship as fully as possible under the circumstances, care being had to promote their best interests; that he did not permanently surrender all his rights as a parent over the children, and that the grandparents understood that they were not given permanent control of them; that the children might remain with their grandparents until they were fourteen years old. In February, 1910, the father remarried. On several occasions thereafter he desired to take the children with him temporarily, but did not do so because of objections made by Mrs. Shaw, upon grounds connected with their welfare, which she regarded as sufficient. Some disagreement followed. In July, 1911, he took the children for a drive, leaving the impression that he would return with them shortly. He kept them over night. The next day she retook them during his absence. He then brought this action.

The grandparents are now about sixty years of age. The evidence shows that they have provided a good home for the children, and given them every care and attention. There seems to be no ground for criticism of their conduct, beyond the fact that Mrs. Shaw caused the boy to be enrolled in school under the name of Nattie Shaw instead of Nattie Wood, and may at times have erred in judgment in objecting to the father's taking the children with him. One witness testified that Mrs. Shaw said that by the time the children were fourteen years old they would not want to leave, but would want to stay with her; this however can not be regarded as proved. On the other hand, there is nothing in the record that challenges the fitness of the father and stepmother to care for the children. The father is criticised for practicing the subterfuge already referred to, and for not displaying greater

interest in the children, but the record discloses nothing challenging the fitness of himself or his wife to have the care of the children. It seems clear that with either family a good home would be provided.

The agreement referred to is not controlling, because the custody of the children is not a matter to be determined by contract. (*Chapsky v. Wood*, 26 Kan. 650; Notes, 27 L. R. A. 56, 41 L. R. A., n. s., 578, 42 L. R. A., n. s., 1013.) There is no substantial controversy as to the important facts of the case. The court is of the opinion that there is nothing in the circumstances of the case to overcome the natural claim of the father to the custody of his children, inasmuch as his right is not subject to be contracted away, and has not been forfeited by any misconduct; that the present arrangement affords no such superior advantage to the children as to offset this consideration, especially in view of the fact that after seven years more they were in, any event to be returned to him. The judgment is therefore reversed and the cause remanded with directions to award the custody of the children to the petitioner.

MASON, J. (dissenting) : I think that after the arrangement outlined in the writing had been acted upon for so long a time, the wisdom of now changing the custody of the children is a question of some doubt, and that as the trial court had a fuller opportunity than is afforded by a mere perusal of the record to judge of the probable consequences, its decision should govern. Mr. Justice BENSON joins in this dissent.