No. 37,875

MILDRED ALENE RAMEY, *Appellant,* v. ALVIN DEWEY RAMEY, *Appellee,* JAMES S. AILLS and EDNA IRENE AILLS (Intervenors), *Appellants.*

(223 P. 2d 695)

Opinion filed
November 10, 1950.

*Edward Rooney, Jacob A. Dickinson,* and *David Prager,* all of Topeka, and *Forrest A. Jackson,* of Lawrence, were on the briefs for the appellants.

*Robert B. Oyler,* of Lawrence, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.:   This is an appeal from an order of the district court granting a father the custody of his two minor children.

A brief historical review of the events leading up to the rendition of the order from which the appeal is taken is essential to an understanding of the issues involved.

On December 15, 1948, the district court of Douglas county, Kansas, granted Mildred Alene Ramey a divorce from Alvin Dewey Ramey on grounds of extreme cruelty and awarded her the custody of their minor children, namely, Charles Alvin Ramey, seven years of age, and Carol Darlene Ramey, six years of age. In less than seven months the mother, who was living in Lawrence, married a colored man by the name of McCoy. At that time Mrs. McCoy's mother, Edna Irene Aills, and her stepfather, James S. Aills, who in the interest of brevity will hereinafter be referred to as the maternal grandparents, were also living in Lawrence. Within a few days after such marriage James S. Aills instituted a proceeding in the juvenile court of Douglas county charging the two children above named were dependent and neglected. Following the institution of this proceeding the juvenile court of that county directed its probation officer to take charge of such minors and keep them in the home of the maternal grandparents. As a matter of fact they were actually placed in their temporary custody and control.

Shortly after the juvenile court's action Mrs. McCoy contacted the children's father, who was then living in Oregon, by telephone. As a result of that conversation he returned to Kansas and filed a motion in the district court of Douglas county asking that he be given their custody. This motion was heard four days later. Notwithstanding the mother had been responsible for the father's action she appeared at the hearing and asked that there be no change in the original custody order. The maternal grandparents also appeared and requested that the grandmother be given the custody of the children. Thereafter all parties were afforded an opportunity to present evidence regarding their fitness and ability to have the care, custody and control, of such minors Two days later, on July 14, 1949, the district court found it was to the best interest and welfare of the children that their care and custody be given to the father, Alvin Dewey Ramey, and that he be permitted to take them to his home in Portland, Ore. Thereupon it entered its order to that effect. On the same day the proceeding to have the minors declared dependent and neglected children was dismissed by the juvenile court. Subsequently both the mother and the maternal grandparents appealed from the order made by the district court. Later the mother dismissed her appeal. For that reason the issues now involved are limited to the appeal perfected by the maternal grandparents.

At the outset it should be stated the appealing parties recognize the established rule (See *Phillips v. Phillips,* 163 Kan. 710, 712, 186 P. 2d 102, and cases there cited) that ordinarily the jurisdiction of district courts over the custody and support of minor children in a divorce action is a continuing jurisdiction and that the court may on proper motion and notice modify or change any order previously made providing for such custody and support whenever circumstances are shown which make such modification proper. And added, they concede nothing has happened since the rendition of the judgment in the divorce action to deprive the district court of Douglas county of power and authority to make custody orders affecting the Ramey children. In fact appellants frankly concede the sole and only question involved in their appeal is whether, under the facts as found by the trial court, the grandmother was entitled to a decree awarding her the custody of the children.

Before any consideration is given to the merits of the appeal two contentions advanced by the appellee require our attention. First he claims the maternal grandparents are not the real parties in interest and for that reason have no right to appeal from the district court's order. This contention has little merit. Heretofore we have indicated the children were in the temporary custody and control of the appellants by direction of the juvenile court at the time appellee filed his application in district court for a change in the custody order. The well settled law of this state is that persons having an interest in the custody of children may appear and present evidence in a proceeding of the kind here involved and may appeal from orders pertaining to their custody even though they are not parties to the action. (See *Purdy v. Ernst,* 93 Kan. 157, 143 Pac. 429; *Lamberson v. Lamberson,* 164 Kan. 38, 42, 187 P. 2d 366.) Next appellee insists the appellants have no right to be heard because they filed no motion for a new trial and hence the only questions they can raise on appeal are questions of law. This contention also lacks merit. Appellants' claim, as we understand it, is that the facts found by the trial court required it to award the grandmother the custody of the children. Otherwise stated that its findings do not support its custody order. This, under our decisions, raises a question which does not require a motion for new trial in order to make it subject to appellate review. See *Arnall v. Union Central Life Ins. Co.,* 157 Kan. 535, 538, 142 P. 2d 838; *Cramer v. Browne,* 159 Kan. 423, 155 P. 2d 468; *Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547.

Since the single question appellants seek to have determined is open to review we turn to the record. It discloses that prior to the making of the involved order the district judge commented at length upon the evidence and gave his reasons for awarding the custody of the children to the appellee. However, no useful purpose would be served by detailing these comments and remarks. It suffices to say that when examined they make it crystal clear that the court failed and refused to find that either the father or mother of the children was unfit to have their custody and based its decision solely upon the premise, which we pause to add is incorporated in the journal entry and is the only formal finding of fact to be found in the entire record, that it was to the best interest and welfare of the children of the parties to the divorce action that their custody be given to the defendant, Alvin Dewey Ramey, and that he take them to his home in Portland, Ore.

Under the foregoing conditions and circumstances we cannot say that as a matter of law the district court's findings of fact compel a conclusion appellant, Mrs. Aills, was entitled to the custody of the children or that the trial court erred in awarding their custody to the appellee. Indeed our decisions are to the contrary. In the recent case of *Stout v. Stout*, 166 Kan. 459, 463, 201 P. 2d 637, we said:

"Under our recent and often repeated decisions, to which we have strictly adhered for many years, the established and inviolate rule has been and now is that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody, in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody, even though at the time the natural parent seeks their custody such grandparents or others are giving the children proper and suitable care and have acquired an attachment for them (See *Jones v. Jones*, 155 Kan. 213, 219, 124 P. 2d 457; *May v. May*, 162 Kan. 425, 176 P. 2d 533; *In re Jackson*, 164 Kan. 391, 190 P. 2d 426; *Bailey v. Bailey*, 164 Kan. 653, 192 P. 2d 190, citing numerous other and early decisions to the same effect)."

It follows the order and judgment of the trial court must be and is affirmed.