No. 38,346

George W. Monroe, *Appellant,* v. Audrey Slaughter and Martha Slaughter, *Appellees.*

(237 P. 2d 372)

Opinion filed November 10, 1951.

*Delmas L. Haney,* of Hays, argued the cause, and *Benedict P. Cruise,* of Hays, was with him on the briefs for the appellant.

*Jerry E. Driscoll,* of Russell, argued the cause, and *Richard M. Driscoll,* of Russell, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action in habeas corpus in which petitioner (appellant) sought the custody of his eleven-year-old daughter.

The respondents (appellees) are uncle and aunt of the child, the aunt being a sister of the child's deceased mother.

The appellant father will be referred to as petitioner, and appellees as respondents.

In view of our disposition of this appeal it is unnecessary to detail the allegations of the pleadings, but, stated very briefly, they show the following background of the situation:

In 1939 petitioner and his wife were the parents of three children, of the ages of six, three and one. In May of that year, in Denver, Colorado, the child in question was born of premature birth. The mother died at childbirth, and petitioner, thus left alone with the problem of rearing four young children, proposed and agreed with respondents that if they would take the last-born child into their home and rear her as one of their own he would relinquish and surrender to them all of his parental rights to the child. Respondents accepted this proposal, took the child into their home in Ellis county, Kansas, and for a period of eleven years have reared

her as one of their own children. Petitioner is now a resident of California, has not remarried, and has reared his three other children during the eleven-year period. His request and demand to respondents that they now relinquish the child to him being refused, this action was commenced.

Following a full and complete hearing, which consumed four days, the lower court rendered judgment in favor of respondents and denied the writ. Petitioner's motion for a new trial being overruled, he has appealed, specifying as error the judgment rendered and the order overruling the motion for new trial.

None of the evidence has been abstracted, but incorporated in the journal entry of judgment appears a lengthy oral statement by the trial judge when he rendered his decision. The parties refer to and consider this comment on the part of the trial court as being tantamount to "findings," and we shall do likewise.

In this oral statement the court, after reviewing the background and history of the whole matter, commented at length concerning the parties and what appeared to be for the best interests of the child, and found "the issues generally in favor of the respondents and against the petitioner."

For present purposes we do not consider it necessary to take up and discuss the various contentions of the parties in support of or to overthrow the judgment rendered. Over the years many cases concerning the custody of children have come before this court. Usually the situation was created on account of the divorce of the parents. Here it came about because of the death of the mother, the situation in which the father then found himself, the eleven-year interval during which the child was reared by respondents, and now the father's attempt to regain custody.

Out of those situations where the contest has been between a parent and those not having a legally paramount right to custody has grown a well-established rule, recently announced in *Ramey v. Ramey,* 170 Kan. 1, 223 P. 2d 695, where we quoted with approval the following from *Stout v. Stout,* 166 Kan. 459, 201 P. 2d 637:

"Under our recent and often repeated decisions, to which we have strictly adhered for many years, the established and inviolate rule has been and now is that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody, in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody, even though at the time the natural parent seeks their custody such grandparents or others are giving the children proper and

suitable care and have acquired an attachment for them (See *Jones v. Jones,* 155 Kan. 213, 219, 124 P. 2d 457; *May v. May,* 162 Kan. 425, 176 P. 2d 533; *In re Jackson,* 164 Kan. 391, 190 P. 2d 426; *Bailey v. Bailey,* 164 Kan. 653, 192 P. 2d 190, citing numerous other and early decisions to the same effect)." (P. 463.)

No purpose would be served in detailing the lower court's findings. It is sufficient to say that after a most careful and exacting study of them we are unable to ascertain what the court found concerning this all-important issue, namely, the fitness of petitioner to have custody of his child. Such being the case, we have no alternative than to remand the cause for further proceedings.

The cause is therefore remanded with directions to the lower court to make a definite finding as to the fitness of petitioner to have custody of the child.

It is so ordered.