No. 38,875

OTHO JENNINGS (Plaintiff), *Appellee,* v. ROSELLA JENNINGS (Now RO-
SELLA SWARTZ) (Defendant), *Appellant,* MARY BESSIE FRAZIER
(Respondent), *Appellee.*

(255 P. 2d 618)

Opinion filed April 11, 1953.

*J. Roy Holliday,* and *Buford E. Braly,* of Kansas City, argued the cause, and
were on the briefs for the appellant.

*Wash H. Brown,* of Kansas City, argued the cause, and was on the briefs
for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the district court
overruling a motion filed by appellant (mother) for change of cus-
tody of her six-year-old daughter from the appellee respondent,
Mary Bessie Frazier, to the appellant. For purposes of clarity,
Rosella Swartz (formerly Rosella Jennings) will be hereinafter re-
ferred to as appellant, and Mary Bessie Frazier, respondent, as ap-
pellee. Otho Jennings, appellee, will be referred to as the father.
Briefly, the facts involved herein are as follows:

Otho Jennings filed a petition for divorce against Rosella Jen-
nings in the district court of Wyandotte county. To this petition,
appellant filed her voluntary entry of appearance, and on December
11, 1947, a decree of divorce was granted to Otho Jennings, and the
custody of their minor child Linda Lee, then fourteen months of
age, was granted to him.

A few months after the divorce, the father left the child in the physical custody of appellee, Mary Bessie Frazier, she being a friend of the Jennings family. In the months and years following, there were alternate periods in which the father had the child in his physical custody for very short periods of time. All this change of physical custody between the father and appellee, was without the knowledge of the court.

On June 12, 1951, appellee procured an order against the father restraining him from molesting her or the child, and at the same time made application to the court for the permanent custody of Linda Lee. The trial court after a hearing on June 20, 1951, sustained the motion of appellee and granted her the permanent custody of the child.

On December 18, 1951, appellant filed a motion to modify the decree and order of the trial court entered on June 20, asserting that she was the fit and proper person to have the care, custody and control of her child.

After hearing the testimony offered on the mentioned motion to modify, the trial court found that appellant was not the proper person to have the care, custody and control of her minor child, Linda Lee, and denied her application, and further found that appellee was the proper person, and awarded to her the sole custody of the minor child. Within the statutory time, appellant filed a motion for a new trial which was heard on June 7, 1952, and after further hearing the trial court found that appellant was not a fit and proper person to have the custody of her child and overruled appellant's motion for a new trial, from which judgment she appealed to this court.

The principal question involved here is whether the court abused its discretion in finding from the evidence adduced that appellant was unfit to have the custody of her child, and in granting that custody to the appellee, a friend of the child's parents.

At the outset it may be stated that under our recent and often repeated decisions, to which we have strictly adhered for many years, the established and inviolate rule has been and now is that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody, in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody,

even though at the time the natural parent seeks their custody such grandparents or others are giving the children proper and suitable care and have acquired an attachment for them. (*Monroe v. Slaughter*, 171 Kan. 614, 237 P. 2d 372; *Ramey v. Ramey*, 170 Kan. 1, 223 P. 2d 695; *Decker v. Decker*, 171 Kan. 380, 233 P. 2d 527, all following *Stout v. Stout*, 166 Kan. 459, 463, 201 P. 2d 637, and the many authorities cited in the mentioned cases.) The reason for the mentioned rule is well stated in *In re Kailer*, 123 Kan. 229, 255 Pac. 41, holding that a natural parent is entitled to the custody of his children where he has not forfeited the right to be intrusted therewith because of personal unfitness. In the opinion of such case, it was said:

"Noting respondents' objection to this judgment, it is urged that the welfare and best interests of the children were the paramount issue. Under the law of the land the welfare and best interests of children are primarily the concern of their parents, and it is only when parents are unfit to have the custody, rearing and education of children, that the state as *parens patriae*, with its courts and judges, steps in to find fitting custodians *in loco parentium*. . . . And it never becomes a *judicial* question as to what is for the welfare and best interests of children until the exceptional case arises where the parents are dead, or where they are unfit to be intrusted with the custody and rearing of their children and have forfeited this right because of breach of parental duty, or where the right has been prejudiced by the discord of the parents themselves. . . ." (p. 230.)

This brings us to the question in this case:

Was there any substantial evidence to justify the trial court's finding that the mother was an unfit person to have the custody of her child, and to support the award of its custody to a third person, the appellee herein?

Appellant argues that there is no substantial evidence in the record to indicate that she was an unfit person to have the custody of her child. We have carefully reviewed the record and we are unable to say there is no evidence to sustain the trial court's judgment. It has been the rule of this court that findings and judgment of a trial court on an issue of fact, supported by substantial though controversial evidence, will not be disturbed on appeal. (*Crews v. Sheldon*, 106 Kan. 438, 186 Pac. 498; *Decker v. Decker*, supra.)

In custody actions where the parent has been found unfit such as exists in the instant case, the right of a parent to the custody and control of the minor children must be given secondary consideration to that of promoting the general welfare of such children. (4

Hatcher's Kansas Digest [Rev. Ed.], Parent and Child, § 12; West's Kansas Digest, Divorce, § 298 [1].) For good cause shown, such as unfitness, the trial court may deprive both parents of the custody and control of their minor children and award that custody to another in conformity with the best interests of the children. (*Decker v. Decker,* supra.)

A review of the record in this case convinces us that the court gave careful and patient consideration to all of the facts and circumstances in the case in determining not the wishes and feelings of the mother only, but the best present and future interests of her child. The trial court had the additional and highly important advantage over this court, which we have so often been compelled to recognize and state, of seeing the parties, observing their demeanor, assessing their character, weighing their testimony, and considering the best interests of the child under all the circumstances. We have only the narrative of presented facts before us. It alone cannot possibly adequately portray the whole picture as witnessed by an able and discerning trial judge, the trier of the facts. In order to reverse the trial court, we would be obliged to say that it acted arbitrarily and not in the exercise of sound, judicial discretion. Careful analysis and a fair consideration of the entire record does not permit us to so conclude.

Appellant's future right to the custody of her child has not been foreclosed. The jurisdiction of the district court over the minor children in a divorce action is a continuing jurisdiction. (G. S. 1949, 60-1510; *Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756.) Should future conditions change so that the welfare of appellant's child warrants the court's granting the custody to her, in a proper proceeding she may ask the court to modify and change the order made in this case, and regain the custody which is her right as a natural parent.

The judgment of the lower court is affirmed.