No. 40,022

ALMA CHRISTLIEB, *Appellant*, v. ARCHIE CHRISTLIEB, *Appellee.*

(295 P. 2d 658)

Opinion filed April 7, 1956.

*Starr Calvert, Jr.,* and *Camilla Klein,* both of Wichita, argued the cause, and *James D. White,* of Wichita, was with them on the briefs for the appellant.

*R. E. Angle,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by a mother from an order denying her application for 'custody of her minor children.

On April 21, 1954, plaintiff wife obtained a divorce from her husband. They were the parents of four minor children. The decree granted custody to plaintiff until May 30, 1954, but provided that on that date plaintiff's mother, a resident of Independence, should have custody. Plaintiff and defendant were allowed visitation rights with the children on alternate week ends, and defendant was ordered to pay a stated amount for their support. The decree was silent as to a finding of unfitness of the mother to have custody of her children, and from the record it appears that defendant did not desire custody himself. This arrangement and provision for the children has been carried out and they are still in their maternal grandmother's custody.

The mother, who in the meantime has remarried, has on several occasions sought to obtain custody of the children, but on each occasion her application has been denied. At no time throughout all of these proceedings has the trial court made a finding that she was an unfit person to have custody. At one of these hearings the court stated that its reason for giving custody to the grandmother at the time of the divorce was that defendant husband re-

quested that such be done. This appeal is by the mother from an order denying her latest attempt to gain custody.

The situation in which custody matters arise are varied. Usually the dispute is between the divorced parents themselves as to which one is entitled to custody. While, from this record, it appears that the father is not seeking custody himself, it is clear that he is attempting to preclude the mother from gaining custody. And, although the grandmother's position in the matter appears to be somewhat that of a "bystander," the contest, from a legal standpoint, is between her and her daughter.

In our view of this case it is unnecessary to discuss the many guideposts and rules applicable to child custody matters found in the numerous decisions of this court. Those interested will find an exhaustive review of the entire subject in 1 Kan. L. Rev. pp. 37 and 165. We confine ourselves to the sole proposition whether, under the record, the mother is entitled to custody as against the grandmother.

It is a firmly-established rule in this state that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody, even though at the time the natural parent seeks their custody such grandparents or others are giving the children proper and suitable care and have acquired an attachment for them. We cite but a few of our many decisions in support of the rule: *In re King*, 66 Kan. 695, 72 Pac. 263, 97 Am. St. Rep. 399, 67 L. R. A. 783; *Wood v. Shaw*, 92 Kan. 70, 139 Pac. 1165; *Crews v. Sheldon*, 106 Kan. 438, 186 Pac. 498; *Jendell v. Dupree*, 108 Kan 460, 195 Pac. 861; *In re Kailer*, 123 Kan. 229, 255 Pac. 41; *Smith v. Scheuerman*, 133 Kan. 348, 299 Pac. 616; *Jones v. Jones*, 155 Kan. 213, 124 P. 2d 457; *May v. May*, 162 Kan. 425, 427, 176 P. 2d 533; *In re Jackson*, 164 Kan. 391, 190 P. 2d 426; *Bailey v. Bailey*, 164 Kan. 653, 192 P. 2d 190; *Stout v. Stout*, 166 Kan. 459, 463, 201 P. 2d 637; *Ramey v. Ramey*, 170 Kan. 1, 223 P. 2d 695, and *Monroe v. Slaughter*, 171 Kan. 614, 237 P. 2d 372.

As heretofore related, the trial court at no time made a finding of unfitness of the mother. In fact, as late as February 6, 1956, the court overruled defendant's motion for an order *nunc pro tunc* to the effect that at the time of granting the divorce a finding was made

that she was not a fit and proper person to have custody of her children.

The mother, not having been found to be an unfit person to have custody, is, as against the grandmother, entitled to custody of her minor children.

The judgment of the trial court is therefore reversed.