No. 40,259

DAVID W. HEILMAN v. CLARA L. HEILMAN, *Appellant*, MARIE HEILMAN, *Respondent* and *Appellee*.

(299 P. 2d 601)

Opinion filed June 30, 1956.

*J. Francis Hesse* and *L. John Callahan*, both of Wichita, argued the cause and were on the briefs for the appellant.

*John Berglund*, of Clay Center, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: This was a divorce action. The matter with which we are presently concerned is to change the custody of a minor child on account of a change of circumstances. The trial court changed the original custody order but denied the applicant mother the full custody she asked. She has appealed.

A complete understanding of the court's order from which this appeal is taken will require an examination of some rather complicated divorce proceedings. This application stated that on June 1, 1949, the district court of Riley county entered a decree, divorcing

plaintiff husband from defendant wife, and awarding the custody of a minor child to the parents of plaintiff. The decree found the defendant wife had been guilty of extreme cruelty to plaintiff, but did not find her to be an unfit person to have custody of the child. The parents of plaintiff were given custody of the child whose name is Jack. Defendant was given the right of visiting him at all reasonable times. This application stated further that at the time of the entry of the above decree defendant was physically ill and unable to care for Jack, but was a morally fit person to have such custody; that on October 20, 1949, and before six months had elapsed, David and Clara remarried in Kansas and moved to California taking Jack with them; that they separated in June, 1951, and Clara returned to Kansas, taking Jack with her; that on October 2, 1951, David filed an action for divorce in California; that Clara filed a cross petition in that action. In her cross petition she asked for custody of Jack. The court awarded her custody of Jack and admonished David and his agents from taking him out of California; that on November 19, 1952, Marie, the mother of plaintiff David and the grandmother of Jack, snatched Jack into an automobile as he was on his way to school in California and brought him to Riley county, Kansas; that on April 10, 1954, we denied Clara's application for a writ of habeas corpus for Jack and in the opinion advised her the proper remedy for her to gain custody of Jack was in the district court of Riley county, where the application was being made; that the legal issues resolved against the application were: the remarriage did not nullify the decree of the District Court of Riley County, awarding the custody of Jack to his paternal grandparents, and that the decree of the District Court of Riley County had not been vacated nor modified. (See *In re Heilman*, 176 Kan. 5, 269 P. 2d 459.) The application then alleged that Fred Heilman died in August, 1954; that at all times applicant had acted on the advice of counsel; that from and after the kidnapping of Jack by Marie, she had possession of Jack; that applicant had never abandoned his custody; that applicant was a morally fit person to have his custody and was financially able to provide all the necessities, together with reasonable luxuries, for him.

The prayer was for an order modifying the original decree insofar as it awarded the custody of Jack to Fred and Marie Heilman, by awarding his absolute care, control and custody to her.

On October 8, 1955, the trial court in a journal entry recited that

he had retired to his chambers and conversed with Jack and found further that the evidence failed to disclose there had been such a change of circumstances since the date of the original decree as to require the awarding of the full care and custody of Jack to applicant and his welfare and best interests required that he remain in the custody of Marie during the school months of each year and with applicant during school vacation as well as the Christmas holidays, provided that before he be removed from the control of Marie applicant deposit with the clerk of the court a bond for $1,000 conditioned that she would deliver him to respondent on or before September first of each year and on or before the day preceding the close of his Christmas vacation. This journal entry was filed on December 21, 1955. The trial court in remarks from the bench stated: "I can't say that the evidence here discloses that the mother is an unfit person to have her child."

Clara in due time and on October 11, 1955, filed her motion for a new trial on the ground of abuse of discretion, accident and surprise, erroneous rulings, decision given under passion and prejudice and decision contrary to evidence. This was heard on December 7, 1955. The journal entry overruling it was filed on January 9, 1956.

Applicant's notice of appeal was filed on January 27, 1956.

The specifications of error are that the trial court erred in denying the application for change of custody and in failing to grant absolute custody of the minor child to its natural mother because there was no evidence of unfitness on the part of the natural mother and in overruling the motion for a new trial.

The appellee Marie filed a motion to dismiss the appeal on the ground it was not filed in time, that is, within two months after judgment, as required by G. S. 1949, 60-3309.

She points out that judgment was rendered on October 8, 1955, and the notice of appeal was not filed until January 27, 1956. She argues that the applicant relies on the fact the trial court misconstrued the law in denying complete change of cusody rather than on any trial errors raised in the motion for a new trial.

This motion is good. *Prier v. Lancaster*, 169 Kan. 368, 219 P. 2d 358, was a child custody case. The mother had filed a motion for change of custody. The trial court granted the motion and awarded custody to the mother. The father appealed. The mother argued

that since the father had not filed a motion for a new trial he was not entitled to be heard regarding alleged trial errors. We said:

"This was not a trial but a hearing on a motion. It has been held a motion is not a pleading within the definition of our code, G. S. 1935, 60-703; that a hearing on a motion is not a trial and a motion for new trial is unnecessary to a review of alleged errors committed in a hearing on a motion."

It is interesting to note that in the above opinion we considered and decided the question whether the trial judge had committed trial errors in the hearing on the motion.

To the same effect is *Walker v. Meschke*, 178 Kan. 149, 283 P. 2d 424. That was also a case where a trial court had heard and decided a motion for child custody. The appellant had filed a motion for a new trial but had not assigned the overruling of the motion as error. On her motion we permitted her to amend her assignment of error. We said, however:

"We sustain that motion, but in fact the hearing before the court was on the motion for change of custody and our statutes, G. S. 1949, 60-3001 *et seq.*, do not provide for the filing of a motion for a new trial upon the hearing of a motion. So, the motion for a new trial was one addressed to the discretion of the trial court for reconsideration of its ruling upon the motion to change custody."

It is well settled that the filing of an unnecessary motion for a new trial does not extend the time for taking of an appeal. See *Ackenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407; *Sheets v. Henderson*, 77 Kan. 761, 93 Pac. 577; *Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718; *Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251; and *Buzbee v. Morstorf*, 105 Kan. 270, 182 Pac. 644.

It follows this appeal must be dismissed.

This is a child custody case in which a mother is seeking custody of her son now in custody of his paternal grandmother. She was never found to be an unfit person to have custody. We have read this record. Were the case here we would hold that following our opinion in *Christlieb v. Christlieb*, 179 Kan. 408, 295 P. 2d 658, the trial court should have awarded complete and full custody to the mother, Clara Heilman. Only failure of the appeal causes us to withhold making such an order.

The appeal is dismissed.