Nos. 40,288 and 40,324

BEVERLY LEACH, *Appellee,* v. JAMES C. LEACH, *Appellant.*

(306 P. 2d 193)

Opinion filed January 12, 1957.

*Lee R. Meador,* of Wichita, argued the cause, and *Otto J. Koerner,* and *John N. Stice,* both of Wichita, were with him on the briefs for the appellant.

*Pat Warnick,* of Wichita, argued the cause, and *Alan B. Phares, William C. Norton, and H. E. Pat Healy,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is the second appearance in this court of litigation following a divorce action and these two separate appeals, here consolidated for purposes of appellate review, are from child custody orders, the fourth and fifth, made in such action in the district court of Sedgwick County.

Nothing would be gained by relating the facts of the controversy as they existed at the time the cause was here before. They are detailed at length in *Leach v. Leach,* 179 Kan. 557, 296 P. 2d 1078, decided on May 5, 1956, in such form as to give readers of this opinion all information necessary to enable them to have a full and complete understanding of the factual background giving rise to the present appeals. For that reason the statement of facts set forth in the opinion of that case (see pages 557 to 559, incl.) is made a part

of this opinion by reference and we here commence its factual statement with a recital of the material events occurring in the court below during the pendency of the first appeal, now appearing in our reports as above indicated.

On December 27, 1955, following a hearing on plaintiff's motion for an order granting her and her parents the right of visitation with the minor child, the Judge of Division No. 6 of the district court of Sedgwick County made the following order which, so far as here pertinent, reads:

"It is, therefore, by the court ordered and decreed *that the parents of the plaintiff* be and they *are hereby granted* the right of visitation with said minor child and *the right to have the person of said minor child in their possession* on the last weekend in January, 1956, starting January 28, 1956, *and* that *they are further granted the privilege of* visitation and *having the person of said minor child in their possession on each weekend every 60 days thereafter* until the further order of the Court, *and* the *defendant is ordered to deliver said child to said maternal grandparents at said time.*" (Emphasis supplied.)

Defendant perfected his appeal from such order in due course, thus bringing Case No. 40,288 here for review.

On or about February 17, 1956, defendant, in an attempt to procure a change in the foregoing order, filed a motion which reads:

"Comes now the defendant and respectfully moves the court for an order setting aside the previous order of this court entered on the 27th day of December, 1955, wherein the defendant was required to bring his minor son to Wichita every sixty days for a two-day visit with his maternal grandparents, for the reason that said defendant now resides and is employed out of the State of Kansas and it is impossible for him to comply with said order, and it is not to the best interest and welfare of the child that he should be required to make said trip."

The above motion came on for hearing before the same judge, exactly ten days from the date last above indicated, and was denied notwithstanding defendant adduced uncontradicted evidence to the effect that since October 1955 he had been employed in Omaha, Nebraska, as an apprentice meat inspector under Civil Service, as the result of an application made by him for that position over a year before; that since that time he had made his home in Omaha with his second wife and the son (the one here involved); that he only received $50 per week as compensation on the position in which he was working; that Omaha was 350 miles from Wichita and with his 1953 Ford it took him over eight hours to drive from that city to Wichita; that under existing circumstances it was expensive for him to make such trips, also extremely difficult for him to take his son

to that city in accord with the court's previous order because he never knew what the weather would be or whether he was going to be required to work at his position on the weekends covered by its terms.

Following denial of the motion last mentioned defendant gave notice of appeal from that ruling and when such appeal reached the office of our Clerk it was docketed as Case No. 40,324. Thereafter, our attention having been directed to the fact the orders involved were made in the same action, such case was consolidated with Case No. 40,288 under an order directing that the two appeals be abstracted, briefed and argued together.

The first, and we may add the paramount, question involved under appellant's specifications of error relates to whether the trial court erred in making the heretofore quoted order of December 27, 1955. We see no need for restating its provisions. It suffices to say that when its terms, particularly those heretofore underlined for purposes of emphasis, are carefully analyzed we have little difficulty in concluding such order must be construed as taking the full custody of the involved minor child of the parties from its father, who is conceded to have never been declared unfit to have that custody, and transferring part time custody of such child to its grandparents. When construed as just indicated we have even less difficulty in concluding that under our repeated decisions such order was clearly erroneous and cannot be upheld. See, e. g., *Christlieb v. Christlieb,* 179 Kan. 408, 295 P. 2d 658, and numerous cases there cited, where it is held:

"A parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to custody as against grandparents or others who have no permanent or legal right to custody." (Syl.)

See, also, *Heilman v. Heilman,* 180 Kan. 116, 299 P. 2d 601, where, although for reasons therein disclosed we were unable to entertain an attempted appeal from an order granting grandparents the custody of a child as against its mother, who had not been declared unfit to have its custody, we felt constrained to say:

"This is a child custody case in which a mother is seeking custody of her son now in custody of his paternal grandmother. She was never found to be an unfit person to have custody. We have read this record. Were the case here we would hold that following our opinion in *Christlieb v. Christlieb,* 179 Kan. 408, 295 P. 2d 658, the trial court should have awarded complete and

full custody to the mother, Clara Heilman. Only failure of the appeal causes us to withhold making such an order." (p. 119.)

In reaching the conclusion just announced we have rejected not overlooked contentions advanced by appellee to the effect that the order now under consideration merely grants the grandparents rights of visitation with the minor child of the parties. Such order, as we have heretofore indicated, clearly and unequivocally gives them *possession* of the person of the child during certain periods of each year. Possession, under all well recognized definitions of its meaning (See Webster's New International Dictionary [Second Edition] Unabridged), imports far more than rights of visitation and to hold otherwise, when used in an order such as is here involved, would result in sheer distortion.

It is neither necessary nor required that we labor appellant's second specification of error to the effect the trial court erred in denying his motion for an order setting aside the order of December 27, 1955. Having already determined that order was erroneous it follows, as a matter of course, that the trial court should have corrected its action with respect thereto by sustaining such motion.

The order and judgment in each of the involved cases is reversed and the cause remanded with directions to the trial court to proceed in accord with the views expressed in this opinion.

It is so ordered.

ROBB and HALL, JJ., not participating.