No. 42,912

WANDA M. McGUIRE and NEMA DUNN, *Appellants*, v. R. ELWOOD McGUIRE, *Appellee.*

(376 P. 2d 908)

Opinion filed December 8, 1962.

*Robert M. Baker,* of Ashland, argued the cause, and *O. W. Bilyeu,* of Ashland, was with him on the briefs for appellant Nema Dunn.

*Donald Brown,* of Pratt, and *Douglas G. McKinnon* and *Ira Chrisman,* both of Denver, Colorado, were on the briefs for appellant Wanda M. McGuire.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Chas. H. Stewart* and *Robert S. Wunsch,* both of Kingman, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This appeal, the aftermath of a divorce action, involves what should be the last of a prolonged series of controversies regarding the custody of two minor children of divorced parents. The participating adults are the appellant mother, Wanda M. McGuire (now James), the appellant maternal grandmother, Nema Dunn, and the appellee father, R. Elwood McGuire. The unfortunate children are Sherry McGuire, a daughter, and Kenneth McGuire, a son, who, on the date of the custody order here involved, were eight and six years of age respectively.

Much time and space in the abstracts and briefs of record is devoted to the merits of disputes existing among the parties between March 9, 1959, the date when the district court of Pratt County rendered the original divorce decree, to the latter part of August or the forepart of September, 1961, the date on which the father commenced the instant custody proceeding in the same court. In the face of the record presented such disputes have little, if any, bearing on the merits of the issues involved in the present appeal. For that reason no further reference will be made to the facts relating to such disputes unless they become necessary to dispose of questions raised respecting the sufficiency of the evidence to sustain the involved decision and judgment of the district court.

The facts, highly summarized, required to give readers of this opinion a proper understanding of what we deem to be the de-

cisive issues involved on appellate review of the decision and judgment just mentioned will now be stated.

The father's application, asking that the district court of Pratt County change a prior custody order and judgment, the validity of which is not here in question, giving the maternal grandmother custody of the minor children and that he be granted their custody, was filed at a time when, pursuant to the terms and conditions of the prior order and judgment, such children were residents of, and domiciled in, Pratt County.

In substance such application stated that since the date of the prior custody order there had been a change in conditions (detailing them) which, since the father was now remarried, made it possible for him to maintain a suitable and proper home for his children, and alleged that it was not to the best interest of such children that their custody be given to either the maternal grandmother or the mother.

In response to the father's application the maternal grandmother filed an answer wherein she alleged there had been no material change of conditions warranting a change in the custody of the children; asserted that all allegations upon which the father based his application for a change of custody were *res judicata* and he was precluded from raising any of the issues contained in such application by virtue of estoppel; charged that the father was not a fit and proper person to care for the children; and alleged that she was a fit and proper person to continue with their care, custody and control.

The mother also resisted the father's application by way of an answer wherein, in substance, she averred that the facts upon which he relied in support of his application had theretofore been judicially determined and were *res judicata;* stated that the application failed to set forth sufficient facts to support his claim for change of custody as to her or the maternal grandmother; alleged that she and the maternal grandmother were fit and proper persons to have the custody of the children, but that if a change was to be made she should be granted custody; and charged that the father was not a fit and proper person to have custody.

After joinder of issues, as heretofore indicated, the court, at a time when all parties were present in person and represented by counsel, held a full and complete hearing at which all interested parties were permitted to adduce evidence in support of their respective positions. The result of that hearing is fully demonstrated

by the district court's journal entry of judgment which should be quoted at some length. So far as pertinent to all questions raised by the parties, which are subject to appellate review, that instrument reads:

"Thereupon, the defendant (appellee) introduced his evidence and rested. Thereupon, a demurrer was interposed on behalf of the plaintiff (appellant), Wanda M. James, formerly Wanda M. McGuire, which demurrer was by the court considered and overruled. Thereupon, a demurrer was interposed on behalf of Nema M. Dunn as to the evidence offered by the defendant (appellee), which demurrer was considered by the court and duly overruled.

"Thereupon, evidence was offered on behalf of Nema M. Dunn, and after the conclusion of such, evidence was offered on behalf of Mrs. Wanda M. James, the mother of said children, and after the conclusion of all evidence and after argument by counsel, the court finds that the defendant (appellee) is a fit and proper person to have the care, custody, and control of the minor children, Sherry McGuire and Kenneth McGuire.

"The court further finds that the grandmother, Nema M. Dunn, has no rights under the law as to the care, custody, and control of such children, and that her claim to such care, custody, and control is denied in that the father has paramount rights to the care, custody and control of said children, he being a fit and proper person to have such care and custody of the children.

"The court further finds that the mother of the children, Wanda M. James, is not a fit and proper person to have the care, custody, and control of said children, and her claim to the care and custody of such minor children is denied

"IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED, AND DECREED that the father of the above named children, R. Elwood McGuire, is a fit and proper person to have the care, custody, and control of the minor children and said children are therefore placed in the custody of the father.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that the father, having found to be a fit and proper person to have the care, custody, and control of his minor children, under the law has paramount rights thereto as between him and the grandmother, Nema M. Dunn, and IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT that Nema M. Dunn has no right to the care, custody, and control of such children.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that the mother, Wanda M. James, is not a fit and proper person to have the care, custody, and control of such children, and her claims to the care, custody and control of such children is therefore denied.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that reasonable rights of visitation with said children should be granted to the mother, Wanda M. James, and it is provided that in connection with such visitation rights the children should from time to time be taken to the home of the grandmother, Nema M. Dunn, and that Wanda M. James shall be permitted to visit with said children while such children are at the home of the grandmother."

Following rendition of the foregoing orders and judgment the

appellant Wanda M. McGuire and the appellant Nema Dunn gave separate notices of appeal to this court and now seek appellate review of such orders and judgment.

At the outset we are confronted with the question whether the appellant Wanda M. McGuire has perfected an appeal within the time prescribed by our statute (G. S. 1949, 60-3306 and 60-3309). This presents a jurisdictional question and must be determined even though the parties have not seen fit to raise it.

The jurisdiction of this court to entertain an appeal is conferred by statute, pursuant to Article 3, Section 3 of the Constitution of Kansas and, when the record discloses lack of jurisdiction by reason of noncompliance with the sections of the statute above cited, it is the duty of the Supreme Court to dismiss the appeal (See *Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333, on rehearing 180 Kan. 178, 302 P. 2d 1003; *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341, and the numerous decisions there cited).

Section 60-3306, *supra*, prescribes the manner in which appeals can be perfected. Provisions here pertinent read:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their place of residence are known. *Proof of such service shall be made by affidavit, . . .; and thereupon the appeal shall be deemed to be perfected.*" (Emphasis supplied.)

Section 60-3309, *supra*, fixes the time for perfection of appeals. Its involved provisions read:

"The appeal *shall be perfected within two months* from the date of the judgment or order from which the appeal is taken. . . ." (Emphasis supplied.)

In *Allbritten v. National Acceptance Co.*, 183 Kan. 5, 325 P. 2d 40, with direct reference to 60-3309, *supra*, this court held:

"Within the exception provided in G. S. 1957 Supp. 60-3314a, an appeal to the supreme court shall be perfected within two months from the date of the judgment or order from which the appeal is taken (G. S. 1949, 60-3309).

"Where the judgment or order appealed from was rendered December 26, 1956, and the notice of appeal was not filed until February 27, 1957, the appeal was not perfected within two months from the date the judgment or order was entered." (Syl. ¶¶ 1, 3.)

See, also, *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 605, 352 P. 2d 444.

Resort to the record in the case at bar discloses that the judgment now before this court on appellate review was rendered on October 5, 1961, and that Wanda filed her notice of appeal with the clerk of the district court of Pratt County on November 29, 1961, within two months from the date of the judgment. However, the same source reveals that she did not file any proof of service of her notice of appeal or acknowledgment thereof with the clerk of such court until December 6, 1961, which, under the rule of the heretofore cited decisions, was more than two months from the date of the judgment from which the appeal is taken.

Thus we come to the vital question: In the face of the foregoing uncontroverted factual situation, does this court have jurisdiction of Wanda's attempted appeal? That it does not is squarely answered by our established decisions. See *Nicolay v. Parker,* 185 Kan. 481, 345 P. 2d 1013, which holds:

"Where in attempting to perfect an appeal to this court under the provisions of G. S. 1949, 60-3306, no proof of service of the notice of appeal or acknowledgment thereof is timely filed although it is admitted the notice of appeal was in fact properly served, this court has no jurisdiction of the attempted appeal and it must be dismissed." (Syl.)

For other decisions of like import, both civil and criminal, see *National Reserve Life Ins. Co. v. Hand,* 188 Kan. 521, 363 P. 2d 447; *State v. Hanes,* 187 Kan. 382, 357 P. 2d 819; *Krehbiel v. Juhnke,* 186 Kan. 514, 516, 517, 351 P. 2d 206; *State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; *State v. Sims,* 184 Kan. 587, 337 P. 2d 704; *Cochran v. Amrine,* 155 Kan. 777, 779, 130 P. 2d 605, and the many cases therein cited.

Application of the rule of the foregoing decisions, to which we adhere, when applied to the undisputed facts of record compels a conclusion this court has no jurisdiction of Wanda's attempted appeal and that it must be dismissed. It is so ordered.

In view of what has been heretofore stated and held it becomes apparent that, for purposes of issues subject to appellate review, we have before us a child custody case, in which a father is seeking custody of his minor children, now in custody of their maternal grandmother (hereinafter referred to as appellant) under a prior order of the same court; and that the all-decisive question involved is whether the district court erred in granting the custody of such minors to their father as against the appellant.

Nothing would be gained by burdening this opinion with a recital of the controlling facts of record. It suffices to say we have carefully reviewed such record and find substantial competent evidence to support the trial court's findings to the effect the appellee was able to care for his children, desired to do so, and was a fit and proper person to have their care, custody, and control. Under such circumstances we believe the case now before us falls squarely within the established rule of this jurisdiction as stated in *Christlieb v. Christlieb*, 179 Kan. 408, 295 P. 2d 658, where it is held:

"A parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to custody as against grandparents or others who have no permanent or legal right to custody." (Syl.)

And in the opinion said:

"It is a firmly-established rule in this state that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to the custody of his children as against grandparents or others who have no permanent or legal right to their custody, even though at the time the natural parent seeks their custody such grandparents or others are giving the children proper and suitable care and have acquired an attachment for them. We cite but a few of our many decisions in support of the rule: *In re King*, 66 Kan. 695, 72 Pac. 263, 97 Am. St. Rep. 399, 67 L. R. A. 783; *Wood v. Shaw*, 92 Kan. 70, 139 Pac. 1165; *Crews v. Sheldon*, 106 Kan. 438, 186 Pac. 498; *Jendell v. Dupree*, 108 Kan. 460, 195 Pac. 861; *In re Kailer*, 123 Kan. 229, 255 Pac. 41; *Smith v. Scheuerman*, 133 Kan. 348, 299 Pac. 616; *Jones v. Jones*, 155 Kan. 213, 124 P. 2d 457; *May v. May*, 162 Kan. 425, 427, 176 P. 2d 533; *In re Jackson*, 164 Kan. 391, 190 P. 2d 426; *Bailey v. Bailey*, 164 Kan. 653, 192 P. 2d 190; *Stout v. Stout*, 166 Kan. 459, 463, 201 P. 2d 637; *Ramey v. Ramey*, 170 Kan. 1, 223 P. 2d 695, and *Monroe v. Slaughter*, 171 Kan. 614, 237 P. 2d 372." (p. 409.)

Application of the rule of the foregoing decision, and we may add the same rule as announced and applied in the many decisions therein cited, compels a conclusion that, under the controlling facts of this case, the trial court did not err in its orders and judgment changing the custody of the involved minors from the appellant to the appellee.

With reference to contentions advanced and strenuously argued by appellant's counsel it should be stated that in reaching the conclusion just announced we have not overlooked but rejected:

(1) A claim the prior custody judgment was *res judicata* and

fixed the rights of the parties. See *Kamphaus v. Kamphaus*, 174 Kan. 494, 256 P. 2d 883, where it is held:

"A decree awarding custody of a child becomes *res adjudicata* only concerning matters determined as of the time the decree was rendered. Such a decree does not import finality but is subject to modification depending upon changed conditions affecting the best interests and welfare of the child." (Syl. ¶ 1.)

(2) A claim that appellee was precluded from raising any of the issues raised in his application by virtue of estoppel in that prior to rendition of the immediate preceding custody order he had joined in an agreement the district court should make an award granting the appellant custody of the minor children. See *Goetz v. Goetz*, 184 Kan. 174, 176, 334 P. 2d 835, and *Jackson v. Jackson*, 181 Kan. 1, 309 P. 2d 705, holding that under our statute jurisdiction of the district court over the custody of children involved in a divorce action is a continuing one and its custody orders may be changed whenever conditions and circumstances permit. See, also, *Tucker v. Finnigan*, 139 Kan. 496, 499, 32 P. 2d 211, and *Wood v. Shaw*, 92 Kan. 70, 72, 139 Pac. 1165, holding that the custody of children is not a matter to be determined by contract.

Another claim, that remarriage and the establishment of a home by a father who desires the custody of his minor children as against a grandparent is not a material change of the conditions existing at the time of a prior custody order, is rejected because such claim finds no support in our decisions.

Additional claims, to the effect the trial court erred in rendering judgment while under passion and prejudice against appellant and for appellee, and in rendering a judgment contrary to the evidence, are rejected because they are not sustained by the record.

Finally appellant insists that she is entitled to an allowance of attorney fees in this court in connection with her attempt to reverse the trial court's judgment. We know of, and are cited to, no decisions of this jurisdiction holding that attorney fees are recoverable by either an appellant or appellee under the existing facts and conditions.

Appellant cites four cases dealing with the allowance of attorney fees to a wife, under the provisions of G. S. 1949, 60-1507, but they are clearly distinguishable and do not support her position.

The law of this jurisdiction is well-established that attorney fees and expenses of litigation, other than court costs, incurred by a pre-

vailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefor. See, e. g., *State, ex rel., v. Sage Stores Co.,* 158 Kan. 146, 145 P. 2d 830; *Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193; *Vonachen v. Pratt Glass Co.,* 172 Kan. 545, 241 P. 2d 775; *Ablah v. Eyman,* 188 Kan. 665, 682, 365 P. 2d 181.

Of a certainty the rule of the decisions just cited is equally, if not more so, applicable to situations where defeated parties are seeking the allowance of attorney fees.

In *Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756, a child custody case, with specific reference to the provisions of G. S. 1949, 60-1507, we said at page 115 of the opinion that "The allowance of attorney fees is wholly statutory, and insofar as the instant case is not covered by statute, it is no different from any other law suit between the individuals where there was no contract to pay attorney fees."

Resort to the provisions of 60-1507, *supra,* reveals it permits an allowance of attorney fees to the wife in a divorce action but fails to disclose any language authorizing the allowance of such a fee to a grandparent who—as here—is seeking to set aside the decision of a trial court awarding custody of minor children to a parent as against the grandparent. Moreover, we find no other section of our statute which warrants or permits any such action. Therefore we are constrained to hold that appellant's request for the allowance of attorney fees must be denied.

Based on what has been heretofore stated and held the judgment of the district court awarding the custody of the involved minor children to their father must be affirmed.

It is so ordered.